IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NEW LIGHT BAPTIST CHURCH                                    PLAINTIFF

VS.                                        CAUSE NUMBER: 1:08CV560-HSO-RHW

STATE FARM FIRE AND CASUALTY COMPANY                       DEFENDANT

_____

## MOTION TO COMPEL DISCOVERY
_____

COMES NOW, Defendant, State Farm Fire & Casualty Company ("State Farm"), by and though the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37, and respectfully files this *Motion to Compel Discovery*, stating unto the Court as follows:

I.

State Farm propounded its First Set of Interrogatories [24, 25] and First Request for Production on 6 May 2009. [25, 27]. Plaintiff propounded responses to State Farm's interrogatories and request for production on 6 May 2009. *(Plaintiff's Responses to Interrogatories and Request for Production* attached as Exhibit A).

II.

On 27 May 2009 State Farm's counsel directed the attached *Good Faith Letter* to Plaintiffs' counsel in an attempt to secure supplemental responses. (*Good Faith Letter* attached as Exhibit B). State Farm's counsel specifically advised that "[m]any of these responses are evasive or incomplete, and require immediate supplementation." (*see* Exhibit B).

III.

On 21 July 2009 Plaintiff's counsel advised it was working with Pastor Nathaniel Smith and that it would supplement discovery no later than 4 August 2009.  (*see* Exhibit C).

IV.

On 19 August 2009 after Plaintiff failed to provide supplemental responses by 4 August 2009, counsel for State Farm again wrote requesting same.  (*see* Exhibit D).

V.

Finally on 21 August 2009 counsel for Plaintiff advised "after careful consideration by the Pastor, he has determined that he is unable to add anything further."  (*see* Exhibit E).  Therefore, after repeated assurances by Plaintiff that it would supplement its discovery responses during the three (3) months since State Farm directed its first good faith letter on 27 May 2009, Plaintiff confirmed  that it does not intend to supplement.

VI.

However, as a professional courtesy, State Farm's counsel again wrote Plaintiff's counsel on 8 September 2009 attaching a draft of the *Motion to Compel Discovery* and extending the deadline for supplementation until Monday 14 September.  (*see* Exhibit F).

VII.

Plaintiff failed to supplement discovery; therefore, State Farm has deemed it is necessary to file this motion at this time in order to ensure compliance with Uniform District Court rule 7.2(B)(2), which requires that discovery motions be filed "sufficiently in advance of the discovery deadline so as to not affect the deadline."  The discovery deadline in this matter is 15 January 2010.

VIII.

State Farm believes Plaintiff's responses to the following interrogatories are evasive or incomplete, and require immediate supplementation and/or that Plaintiff's counsel's objections to the following interrogatories are improper and should be withdrawn:

### INTERROGATORIES

**INTERROGATORY NO. 1:** With respect to your claim for Declaratory Judgment, fully identity all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No.1 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory

otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33(c).  Plaintiff has sued State Farm for damages to real and personal property resulting from Hurricane Katrina.  Count I of the Complaint is an action for declaratory judgment with respect to "an 'anti-concurrent causation' clause, such that all coverage is precluded for the Plaintiff's loss if any water damage occurred in combination with wind and/or rain damage to cause the loss to the insured premises"; however, Plaintiff made no claim for flood damage, nor did State Farm deny coverage due to flooding.  Therefore, State Farm is entitled to know the basis of this cause of action.

**INTERROGATORY NO. 2:**    With respect to your claim for Negligence/Gross Negligence/Reckless Disregard for Rights of Plaintiff, fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 2 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.  Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.  Plaintiff reserves the right to supplement this response as more as more information becomes available to

discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The instant interrogatory is neither irrelevant, overly broad, unduly burdensome, vague. Plaintiff has sued State Farm for Negligence/Gross Negligence/Reckless Disregard for Rights of Plaintiff arising out of the handing of its Hurricane Katrina claim. Therefore, the requested information is either relevant to the claims or defenses of the parties or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 3(c). If Plaintiff will allege at trial that there was evidence available to State Farm, which State Farm failed to consider during its handling of this claim, State Farm is entitled to know same

**INTERROGATORY NO. 3:** With respect to your claim for Breach of Contract, fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 3 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and

exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:**   Your objection is not well taken.   The instant interrogatory is neither irrelevant, overly broad, unduly burdensome, vague. Plaintiff has sued State Farm for Breach of Contract arising out of the handing of its Hurricane Katrina claim.   Therefore, the requested information is either relevant to the claims or defenses of the parties or reasonably calculated to lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).  Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 3(c).  If Plaintiff will allege at trial that there was evidence available to State Farm, which State Farm failed to consider during its handling of this claim, State Farm is entitled to know same.

**INTERROGATORY NO. 4:**  With respect to your claim for Breach of Duty of Good Faith and Fair Dealing, fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:**  Plaintiff objects to Interrogatory No. 4 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.  Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:**    Your objection is not well taken.    The instant interrogatory is neither irrelevant, overly broad, unduly burdensome, vague.  Plaintiff has sued State Farm for Breach of Duty of Good Faith and Fair Dealing arising out of the handing of its Hurricane Katrina claim.  Therefore, the requested information is either relevant to the claims or defenses of the parties or reasonably calculated to lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).  Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ."  FED. R. CIV. P. 3(c).  If Plaintiff will allege at trial that there was evidence available to State Farm, which State Farm failed to consider during its handling of this claim, State Farm is entitled to know same.

**INTERROGATORY NO. 5:** With respect to your claims for Policy Reformation fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:**  Plaintiff objects to Interrogatory No. 5 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.  Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel.

Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33(c). Plaintiff has sued State Farm for damages to real and personal property resulting from Hurricane Katrina. Count V of the Complaint is an action for Policy Reformation of the contract of insurance in the event the court finds that "some damage was due to flood waters/storm surge." However, flooding is not at issue in this lawsuit, for (1) Plaintiff did not claim flood loss; (2) State Farm found no evidence of flooding at the risk site; and (3) State Farm did not deny coverage due to flooding. Therefore, State Farm is entitled to know the basis of this cause of action.

**INTERROGATORY NO. 6:** With respect to your claims for Promissory Estoppel fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 6 to the extent that it seeks the disclosure of

expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:**  Your objection is not well taken.  The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).  Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33 (c).  Plaintiff has sued State Farm for damages to real and personal property  resulting from Hurricane Katrina.  In Count VI of the Complaint, an action for Promissory Estoppel, Plaintiff alleges that  "State Farm completely denied any coverage for the loss, arguing that the Policy does not cover the damage, due to the fact that the ultimate result of the hurricane was flood water/storm surge."  However, flooding is not at issue in this lawsuit, for (1) Plaintiff did not claim flood loss; (2) State Farm found no evidence of flooding at the risk site; and (3) State Farm did not deny coverage due to flooding.  Therefore, State Farm is entitled to know the basis of this cause of action.

**INTERROGATORY NO. 7:** With respect to your claims for Agent Negligence fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 7 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33(c). If Plaintiff is going to allege at trial that any statement or communication by State Farm, its representative, agents or employees, constitutes a material misrepresentation or omission of fact, then State Farm is entitled to know the same. Please supplement your answer to the instant

interrogatory immediately.

**INTERROGATORY NO. 8:**  With respect to your claims for Bad Faith fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:**  Plaintiff objects to Interrogatory No. 8 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.  Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.  Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:**  Your objection is not well taken.  The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).  Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33(c).  Plaintiff has sued State Farm for damages to real and personal property resulting from Hurricane Katrina.  Count VII of the Complaint is an action for breach of the covenant of good faith

and fair dealing. Therefore, State Farm is entitled to know the basis of this cause of action. If Plaintiff has evidence which allegedly supports the theory that State Farm breached the covenant of good faith and fair dealing, State Farm is entitled to know the same.

**INTERROGATORY NO. 9:** With respect to your claims for Negligent/Intentional Infliction of Emotional Distress fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 9 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R.

CIV. P. 33(c).  Plaintiff has sued State Farm for damages to real and personal property resulting from

Hurricane Katrina.  Count IX of the Complaint is an action for Negligent/Intentional Infliction of

Emotional Distress and alleges that Plaintiff has suffered mental and emotional pain, suffering, and

financial injury as a proximate and foreseeable result of State Farm's bad faith adjustment and denial

and treatment of Plaintiff through the claims process." However, Plaintiff is a church entity, which

suggests that Plaintiff's Complaint is little more than a form filed by its attorneys in other lawsuits,

and upon information and belief, many of the allegations included in it, such as the action for

Negligent/Intentional Infliction of Emotional Distress, are not actually at issue in this litigation.

Therefore, State Farm is entitled to know the basis of this cause of action.

**INTERROGATORY NO. 12:**  Please provide the exact amount you claim is owed by State Farm

under the subject church policy, excluding any amounts you claim to be owed as a result of the

extra-contractual claims.  Please provide exactly which policy provisions you claim entitle you to

said amounts and please provide an itemization of which provision entitles you to exactly what

amount.

**RESPONSE:** Plaintiff objects to Interrogatory No. 12 to the extent that it seeks the disclosure of

expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure

or Scheduling Order, which is therefore premature at this time.  Plaintiff further objects to the extent

that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel.

Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad,

unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation,

Plaintiff will provide any non-privileged, responsive documentation concerning their witness and

exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff further responds by referring Defendant to the Complaint and the Policy,  Plaintiff further responds by referring Defendant to the policy, which speaks for itself.  Plaintiff further responds that there are benefits due under the policy at issue to cover damages from Hurricane Katrina.  Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and responses to Defendant's Requests for Production, which documentation speak for itself.  Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken.  Pursuant to FED. R. CIV. P. 33 (c) "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ."  Furthermore, the requested information falls within the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires "a computation of each category of damages claimed: and identification of "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Your vague, evasive and incomplete reference to the Policy and the Complaint is insufficient. Plaintiff's Complaint is little more than a form filed by its attorney in other lawsuits and, upon information and belief, many of the allegations included in it are not actually at issue in this litigation.  This answer is incomplete as it merely refers  State Farm back to the Complaint and the Policy which "speaks for itself."  This bare and imprecise statement hardly represents a good faith attempt to respond to State Farm's inquiry.  Please provide a full and complete response immediately.

**INTERROGATORY NO. 13:** Separately for each kind of loss and damage claimed by you, fully identify and describe with specificity every fact(s) and policy term and/or condition under any coverage of your church policy that you contend provides coverage for any Loss claimed as a result of Hurricane Katrina, and identify every document and witness which supports your contention(s).

**RESPONSE:** Plaintiff objects to Interrogatory No. 13 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff further responds by referring Defendant to Complaint. Plaintiff further responds by referring Defendant to the policy, which speaks for itself. Plaintiff further responds that there are benefits due under the policy at issue to cover damages from Hurricane Katrina. Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and responses to Defendant's Requests for Production, which documentation speak for itself. Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. Pursuant to FED. R. CIV. P. 33 (c) "an interrogatory otherwise proper is not necessarily objectionable merely because

an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ."  Furthermore, the requested information falls within the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires "a computation of each category of damages claimed: and identification of "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Your vague, evasive and incomplete reference to the Policy and the Complaint is insufficient. Plaintiff's Complaint is little more than a form filed by its attorney in other lawsuits and, upon information and belief, many of the allegations included in it are not actually at issue in this litigation.   This answer is incomplete as it merely refers  State Farm back to the Complaint and the Policy which "speaks for itself".  This bare and imprecise statement hardly represents a good faith attempt to respond to State Farm's inquiry.   Please provide a full and complete response immediately.

**INTERROGATORY NO. 22:** Please state whether an investigation was conducted concerning the facts and circumstances surrounding this litigation by New Light Baptist Church or anyone on its behalf.  If so, please state the full name, current or last known address, telephone number, and occupation, of the person or persons who conducted each investigation; and the full name, current or last known address and telephone number of each person now having custody of each written report, notation, or oral documentation made concerning each investigation.   Provide this information regardless of whether you assert that such statements are protected as work product or by the attorney/client privilege.

**RESPONSE:** Plaintiffs object to Interrogatory No. 22 to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine and/or prepared in

anticipation of litigation. Plaintiff further objects to the extent that this request is vague and ambiguous in that it does not qualify or define "investigation". Plaintiff further objects to the extent that this request is overly broad and unduly burdensome. Plaintiff further objects to the extent that the requests exceeds the scope allowed by the Federal Rules of Civil Procedure. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning its witness and exhibit lists and experts' opinions with their expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds that State Farm investigated the events and losses underlying this litigation and may have responsive statements. Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** This answer is incomplete. If any other such person or entity has conducted an inspection and provided an opinion, e.g., an itemized rebuilding estimate or contract for repair, we need the information so State Farm may properly evaluate the case. Moreover, we need copies of all receipts and invoices associated with the rebuilding of the church properties.

**INTERROGATORY NO. 23:** If you are claiming punitive damages in this case fully identify each fact, document and witness as well as all evidence of any kind that you claim supports such claim including in your answer all such information that supports any claim you make in this case for punitive damages in an amount that exceeds a 1:1 ratio when compared to any

contractual/compensatory damages you claim to be entitled.

**RESPONSE:** Plaintiff objects to Interrogatory No. 22 as seeking information protected by the attorney-client privilege and/or the work product doctrine and/or prepared in anticipation of litigation. Plaintiff further objects to this request to the extent that it seeks that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

Subject to and without waiver of said objections, Plaintiff refers Defendant to Complaint. Plaintiff further responds:

1. Declaration page and church policy

2. Claim File provided by Defendant

3. Underwriting Documents provided by Defendant

4. Photographs

5. Statement of Loss

Plaintiff further responds that there are benefits due under the policy at issue to cover damages from Hurricane Katrina. Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and Response to Defendant's Requests for Production, which speaks for itself. Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. Pursuant to FED. R. CIV. P. 33 (c) "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." Furthermore, the requested information falls within the initial disclosure

requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires "a computation of each category of damages claimed: and identification of "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Your vague, evasive and incomplete reference to the Complaint, the Policy, the Claim File, the Underwriting Documents, the Photographs, and the Statement of Loss is insufficient.  Plaintiff's Complaint is little more than a form filed by its attorney in other lawsuits and, upon information and belief, many of the allegations included in it are not actually at issue in this litigation.  Please provide a full and complete response immediately.

### REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 19:** Please produce all documents pertaining to IRC Section 501(c)(3) status under the Internal Revenue Code of New Light Baptist Church.

**RESPONSE:** Plaintiff objects to Request No. 19 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous.  Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff currently has none in its possession.  Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony an opinion.

**DEMAND FOR SUPPLEMENTATION:** This response is incomplete.  The Church is either a 501 (c)(3) organization, or it is not.  It is unimaginable that the Church would not have documents pertaining to 501 (c)(3) status either in the Church's possession or readily attainable.  Please provide these documents immediately.

**REQUEST FOR PRODUCTION NO. 20:** Please produce all church income tax returns filed with

the state and federal government since January 1, 2005 to include all schedules and forms and copies

of all documents or evidence delivered to your tax preparer for the years 2005 through the present.

**RESPONSE:** Plaintiff objects to Request No. 20 to the extent that it seeks information irrelevant

to the issues in the Underlying Matter. Plaintiff further objects to the extent that the request seeks

confidential, privileged and sensitive financial information that is subject to a Protective Order.

Plaintiff further objects to the extent that Defendant does not specify relevant information from tax

records regarding any claims or defenses, which information may be available from non-privileged

sources. Upon the stated objections, Plaintiff moves the Court for a Protective Order from further

response to Request No. 20.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The instant request

is relevant to the claims or defenses of the parties and/or reasonably calculated to lead to the

discovery of admissible evidence to the extent that Plaintiff has made a claim of financial distress

or will attempt to offer any testimony to that effect at trial. Please immediately withdraw this

objection to these requests and respond immediately. Since Plaintiff has not filed a Motion for a

Protective Order with the Court with respect to Request for Production No. 20, "mov[ing] the Court

for a Protective Order" does nothing. Please provide these documents immediately.

**REQUEST FOR PRODUCTION NO. 21:** Please produce all state and federal tax schedules upon

which you have asserted any claim for any deduction for any catastrophe loss for your tax year that

includes August 29, 2005, and all documents and other tangible items justifying your claim that you

have claimed for any loss whether by insurance grant, loan or assistance or payment of any kind and

all documents or other tangible items related to or supporting such loss or reimbursement.

**RESPONSE:** Plaintiff objects to Request No. 20 to the extent that it seeks information irrelevant

to the issues in the Underlying Matter. Plaintiff further objects to the extent that the request seeks confidential, privileged and sensitive financial information that is subject to a Protective Order. Plaintiff further objects to the extent that Defendant does not specify relevant information from tax records regarding any claims or defenses, which information may be available from non-privileged sources. Upon the stated objections, Plaintiff moves the Court for a Protective Order from further response to Request No. 20.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The instant request is relevant to the claims or defenses of the parties and/or reasonably calculated to lead to the discovery of admissible evidence to the extent that Plaintiff has made a claim financial distress or will attempt to offer any testimony to that effect at trial. Please immediately withdraw this objection to these requests and respond immediately. Since Plaintiff has not filed a Motion for a Protective Order with the Court with respect to Request for Production No. 21, "mov[ing] the Court for a Protective Order" does nothing. Please provide these documents immediately.

**REQUEST FOR PRODUCTION NO. 23:** Please provide any and all documentation, notes, memorandums and or reports from any and all investigations conducted with regard to this matter.

**RESPONSE:** Plaintiff objects to Request No. 23 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work product doctrine. Plaintiff further objects to Request No. 23 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scoop. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal

Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff

further objects to the extent that this request exceeds the scope allowed by the Federal Rules of Civil

Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's

interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation

concerning their witness and exhibit lists and experts' opinions and expert designations in

accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further

responds that relevant documents that are responsive to this Request can be found within the State

Farm's Initial and Pre-Discovery Disclosures and its Claims Files regarding Plaintiff and other

policyholders. Plaintiff further responds documents responsive to this Request may be found in

Plaintiff's Pre-Discovery Disclosure and in Response to Request for Production of Documents,

including the following:

1. Church policy (Bates No. 000001-000021)

2. Claim File provided by Defendant

3. Church Underwriting Documents provided by Defendant

4. Correspondence (Bates No. 000022-000038)

5. Photographs (Bates No. 000039-000052)

6. Statement of Loss (Bates No. 000053-000054)

7. Copies of Checks paid to New Light Baptist Church (Bates No. 000055)

8. Estimate of Damage-State Farm (Bates No. 000056-000120)

9. Estimate of Damage-South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available

through discovery, clarification and/or expert testimony and opinion.

**DEMAND FOR SUPPLEMENTATION:** Your answer is incomplete. The Church has stated previously that receipts for the rebuilding of the church property are contained in a safe on the church property. Please provide these documents immediately.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Honorable Court grant its *Motion to Compel Discovery* and issue an Order directing Plaintiff to deliver the responses within fifteen (15) days from the date of that Order. Furthermore, pursuant to Fed. R. Civ. P. 37(a)(4), Defendant requests that the Court assign the costs of this *Motion to Compel Discovery*, as well as reasonable attorney's fees, to Plaintiff, due to his failure to provide a timely response.

RESPECTFULLY SUBMITTED,

STATE FARM FIRE AND CASUALTY COMPANY

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
Telephone: (662) 234-4000
Facsimile: (662) 234-2000

BY:    */s/ H. Scot Spragins*
        H. SCOT SPRAGINS, MSB # 7748

<u>**CERTIFICATE OF SERVICE**</u>

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE &**

**CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the

foregoing document with the Clerk of Court using the ECF system which sent notification of such

filing to all counsel of record.

DATED, this the 14th day of September 2009.

*/s/ H. Scot Spragins*
**H. SCOT SPRAGINS**

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000