IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NEW LIGHT BAPTIST CHURCH                                    PLAINTIFF

VS.                                    CAUSE NUMBER: 1:08CV560-HSO-RHW

STATE FARM FIRE AND CASUALTY COMPANY                        DEFENDANT

### PLAINTIFF'S RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT STATE FARM FIRE & CASUALTY COMPANY

COMES Plaintiff, New Light Baptist Church, and files this its responses to Defendant, State Farm Fire & Casualty Company's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Plaintiff responds to each and every request subject to and without waiving the following objections:

(a) To the extent that any interrogatory requests information subject to a claim of privilege or other protection, including, without limitation, the attorney-client privilege or the work product or anticipation of litigation doctrines, Plaintiff objects to the interrogatory on that ground and claims such privilege or doctrinal protection. Moreover, the production of any protected information pursuant to the interrogatories is inadvertent and without prejudice to Plaintiff's right later to object that such information is protected and that production of such information was inadvertent.

(b) To the extent that an interrogatory calls for the identification of documents protected against disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or rule of confidentiality provided by law, including without limitation any legal memoranda, drafts of pleadings, attorney notes, letters, or documents, Plaintiff objects to the interrogatory on that ground and claims such privilege or doctrinal protection.

# Exhibit "A"

Plaintiff further, objects to any interrogatory to the extent that it seeks disclosure of information or documents where such disclosure would violate the privacy rights of individuals, confidentiality agreements, governmental regulations, or court orders restriction the disclosure of information. Moreover, the production of any protected information or document pursuant to the interrogatories is inadvertent and without prejudice to Plaintiff's right later to object that such information or document is protected and that its production was inadvertent.

(c) In responding to these interrogatories, Plaintiff does not waive and specifically reserves all general and specific objections. Additionally, Plaintiff does not concede by responding that the information sought or provided is relevant to the subject matter of this action or is calculated to lead to the discovery of admissible evidence. The production of any information cannot be construed as an admission by Plaintiff that the information is relevant, material, authentic, or otherwise admissible as evidence. Plaintiff expressly reserves the right to object to further discovery and to the subject matter of these interrogatories, as well as to the introduction into evidence of any responses to these interrogatories.

(d) Plaintiff objects to Defendant's interrogatories to the extent they purport to require supplementation beyond that required by the Federal Rules of Civil Procedure.

(e) Plaintiff objects to each request calling for an answer regarding "each," "all," "every," or "any" document(s), record(s), information, person(s), or fact(s), or asking Plaintiff to identify "all other persons with knowledge" or "each basis," for a contention, on the grounds that such requests are overly broad and unduly burdensome. Plaintiff has used reasonable diligence to locate responsive information and documents based on inquiry of

those persons who may reasonably be expected to possess responsive information and examination of those files that may reasonably be expected to contain responsive documents.

(f) Plaintiff objects to each request in that they purport to cover persons and business entities which are not parties to this action, purport to require Plaintiff to supply information that is not available to it, purports Plaintiff to submit documents which are not in the possession, custody or control of Plaintiff, or otherwise request information or attempt to impose requirements beyond the scope of the applicable Federal Rules of Civil Procedure.

(g) These general objections apply to every response provided in the future, as if set forth fully in each specific response.

## Preliminary Statement

Information being sought in this request may have been destroyed as a result of the damages from Hurricane Katrina to Plaintiff's premises.  As such, Plaintiff's search for information continues and these responses are based upon the information and documents available at this time.  Plaintiff reserves the right to supplement or amend its answers prior to trial upon discovery of additional relevant information during the discovery phase, as provided by the law and the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORIES

### INTERROGATORY NO. 1:

With respect to your claim for Declaratory Judgment, fully identity all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

### OBJECTION:

Plaintiff objects to Interrogatory No. 1 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

### RESPONSE:

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 2:**

With respect to your claim for Negligence/Gross Negligence/Reckless Disregard for Rights of Plaintiff, fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 2 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 3:**

With respect to your claim for Breach of Contract, fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 3 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 4:**

With respect to your claim for Breach of Duty of Good Faith and Fair Dealing, fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 4 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 5:**

With respect to your claims for Policy Reformation fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 5 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the

extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 6:**

With respect to your claims for Promissory Estoppel fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 6 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 7:**

With respect to your claims for Agent Negligence fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 7 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning

their witness and exhibit lists and experts' opinions with their expert designations in accordance with the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 8:**

With respect to your claims for Bad Faith fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 8 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions with their expert designations in accordance with the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 9:**

With respect to your claims for Negligent/Intentional Infliction of Emotional Distress fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 9 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions with their expert designations in accordance with the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 10:**

Please identify any and all documents which support or contradict your position that a church policy of insurance was created between State Farm and New Light Baptist Church in Mississippi.

**OBJECTION :**

Plaintiff objects to Interrogatory No. 10 to the extent that it requests information that is overly broad, unduly burdensome, vague and ambiguous. Plaintiff further objects to the extent that is request information that is irrelevant.

**RESPONSE:**

Subject to and without waiving said objections, please see attached responsive documents, including the policy and correspondence with State Farm, which documents speak for themselves.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and through expert witness disclosure.

**INTERROGATORY NO. 11:**

Please describe in detail the knowledge held by those individuals identified in your core disclosures.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 12 insofar as it is overly broad, unduly vague and unduly burdensome. Further, Plaintiff objects to Interrogatory No. 12 as it seeks information protected under the attorney work product privilege and the mental impressions of Plaintiff's counsel that are not discoverable. Plaintiff further objects to the extent that it requests "knowledge" which is undefined, not reasonably limited in scope, time or subject matter.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff responds:

Deacon Roy Buxton presently recalls that in late September or October, he contacted State Farm regarding damages to the Church properties. He contacted State Farm using the (800) number and spoke with a Claim Representative who stated they would send someone to look at the property.    Maybe sometime in October, Roy Buxton met with an adjuster at the Church property. The adjuster took pictures and made notes and said that he would get back to him.

State Farm sent a letter with an estimate and check.  The Church was not satisfied with the adjustment and hired an estimator to assist with the damage estimate.  The estimator was unable to resolve the claim.  New Light was then forces to file suit.

Plaintiff further responds that State Farm Agent, Vernon A. McHan, may have knowledge regarding the policy and claim.  Plaintiff further responds that the Adjusters listed in Claim File produced by Defendant, Robert Lemke, Brian Bradley and Michael Bourg, may have knowledge regarding the claim.  Plaintiff further responds that the Team Managers listed in Claim File produced by Defendant, Jeff McIntyre and Walt Hugh, may have knowledge regarding the claim.  Plaintiff further responds that the Team Leader listed in Claim File produced by Defendant, Gloria Espinosa, may have knowledge regarding the claim.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 12:**

Please provide the exact amount you claim is owed by State Farm under the subject church policy, excluding any amounts you claim to be owed as a result of the extra-contractual claims.  Please provide exactly which policy provisions you claim entitle you to said amounts and please provide an itemization of which provision entitles you to exactly what amount.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 12 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.

Plaintiff further responds by referring Defendant to Complaint. Plaintiff further responds by referring Defendant to the policy, which speaks for itself. Plaintiff further responds that there are benefits due under the policy at issue to cover damages from Hurricane Katrina. Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and responses to Defendant's Requests for Production, which documentation speak for itself.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**INTERROGATORY NO. 13:**

Separately for each kind of loss and damage claimed by you, fully identify and describe with specificity every fact(s) and policy term and/or condition under any coverage of your

church policy that you contend provides coverage for any Loss claimed as a result of Hurricane Katrina, and identify every document and witness which supports your contention(s).

**OBJECTION:**

Plaintiff objects to Interrogatory No. 13 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.

Plaintiff further responds by referring Defendant to Complaint. Plaintiff further responds by referring Defendant to the policy, which speaks for itself. Plaintiff further responds that there are benefits due under the policy at issue to cover damages from Hurricane Katrina. Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and responses to Defendant's Requests for Production, which documentation speak for itself.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and through expert witness disclosure.

**INTERROGATORY NO. 14:**

Identify all policies of insurance you maintained on any property (personal or real) which were in effect on August 29, 2005 specifying for each: the type of coverage (i.e., church, business, homeowners, renters, contents, flood, personal articles, personal liability umbrella, etc.), the insured location, the company issuing said policy, the policy number, policy limits and agent or broker who assisted in procuring said coverage and the amount of any payment made to you or for your benefit as a result of any damage claimed to have occurred during and because of Hurricane Katrina.

**OBJECTION:**

Plaintiff objects as Interrogatory No. 14 seeks information that is not relevant and not likely to lead to discoverable information. Plaintiff further objects to the extent that the request is vague and ambiguous.  Plaintiff further objects to the extent that this request exceeds the scope of discovery allowed by the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's understanding of the request, Plaintiff responds that it had a policy with State Farm.

**INTERROGATORY NO. 15:**

Identify all sources of funds which you have received or for which you have made application and/or submitted a claim as a result of any loss/damage claimed herein, fully identifying the amount of the funds received, the payor of the funds, including but not limited to the following: funds from the adjustment of insurance claims, grants, loans, Small Business Administration (SBA) loans, Federal Emergency Management Agency (FEMA) grants, Mississippi Emergency Management Agency (MEMA) grants or any disaster assistance.

**OBJECTION:**

Plaintiff objects as Interrogatory No. 15 seeks information that is not relevant and not likely to lead to discoverable information. Plaintiff further objects to the extent that the request is vague and ambiguous. Plaintiff further objects to the extent that this request exceeds the scope of discovery allowed by the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's understanding of the request, Plaintiff responds that it has received a partial payment from State Farm for benefits under its policy.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**INTERROGATORY NO. 15:**

Separately for each coverage under the church policy in suit which you are claiming, please state in detail the legal and factual basis for your contract claim under each coverage citing the authority or authorities upon which your claim is based, and fully identifying all witnesses and evidence which supports your claims.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 15 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant,

overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure.

Plaintiff further responds by referring Defendant to Complaint. Plaintiff further responds by referring Defendant to the policy, which speaks for itself. Plaintiff further responds that there are benefits due under the policy at issue to cover damages from Hurricane Katrina. Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and responses to Defendant's Requests for Production, which documentation speak for itself.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and through expert witness disclosure.

**INTERROGATORY NO. 16:**

Please state the full name, current address, age, date of birth, social security number, driver's license number, telephone number, employer and job title of all persons responding to these Interrogatories, Request for Production of Documents and Request for Admissions, and whether such person has ever been known by any other name, giving the dates such person was know by such name.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 16 to the extent that it seeks information irrelevant. Plaintiff further objects to the extent that the request is overly broad and unduly burdensome.

Plaintiff further objects to the extent that this request seeks privileged, sensitive personal information that qualifies for protection and therefore moves the Court for a protective order against further response.

**RESPONSE:**

Subject to and without waiving said objections, Plaintiff responds, Roy Buxton, 5405 Burney Rd., Vancleave, MS 39565-8527; phone – (228) 826-3315; age – 71 years old; retired.

**INTERROGATORY NO. 17:**

Fully identify each and every communication between New Light Baptist Church or any other person or entity which New Light Baptist Church contends was to secure insurance for New Light Baptist Church, with regard to the church policy, including but not limited to those concerning the procurement of insurance coverage for New Light Baptist Church from State Farm Fire and Casualty Company and any claims made by New Light Baptist Church against State Farm regarding the policy of insurance which is the subject of the complaint filed herein.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 17 as it seeks information that is irrelevant to the underlying matter. Plaintiff further objects to the extent that this request exceeds the scope of the Federal Rules of Civil Procedure. Plaintiff further objects to the extent that this request is vague and ambiguous, and overly broad and unduly burdensome.

**RESPONSE:**

Subject to and without waiving said objections, Plaintiff responds that relevant documents responsive to this Interrogatory may be found within the State Farm claims file, Initial Disclosures and Responses to Requests for Production; documents produced by Plaintiff

Plaintiff further objects to the extent that this request seeks privileged, sensitive personal information that qualifies for protection and therefore moves the Court for a protective order against further response.

**RESPONSE:**

Subject to and without waiving said objections, Plaintiff responds, Roy Buxton, 5405 Burney Rd., Vancleave, MS 39565-8527; phone – (228) 826-3315; age – 71 years old; retired.

**INTERROGATORY NO. 17:**

Fully identify each and every communication between New Light Baptist Church or any other person or entity which New Light Baptist Church contends was to secure insurance for New Light Baptist Church, with regard to the church policy, including but not limited to those concerning the procurement of insurance coverage for New Light Baptist Church from State Farm Fire and Casualty Company and any claims made by New Light Baptist Church against State Farm regarding the policy of insurance which is the subject of the complaint filed herein.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 17 as it seeks information that is irrelevant to the underlying matter. Plaintiff further objects to the extent that this request exceeds the scope of the Federal Rules of Civil Procedure. Plaintiff further objects to the extent that this request is vague and ambiguous, and overly broad and unduly burdensome.

**RESPONSE:**

Subject to and without waiving said objections, Plaintiff responds that relevant documents responsive to this Interrogatory may be found within the State Farm claims file, Initial Disclosures and Responses to Requests for Production; documents produced by Plaintiff in its Pre-Disclosures; and Plaintiff's Responses to Requests for Production, which documents

in its Pre-Disclosures; and Plaintiff's Responses to Requests for Production, which documents speaks for themselves. Plaintiff further responds that it presently recalls having communications with the following representatives of State Farm:

1. Agent Vernon A. McHan

2. Adjusters listed in Claim File produced by Defendant: Robert Lemke, Brian Bradley and Michael Bourg

3. Team Managers listed in Claim File produced by Defendant: Jeff McIntyre, Walt Hugh

4. Team Leader listed in Claim File produced by Defendant: Gloria Espinosa

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 18:**

Please state in detail the legal and factual basis for your claim that plaintiff is entitled to an award of attorney fees citing the authority or authorities upon which your claim is based and describing, in detail sufficient to support a request for production of documents or evidence, any document or other tangible thing which tends to support your claim for attorney fees.

**OBJECTION:**

Plaintiff objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Further, Plaintiff objects to Interrogatory No. 18 as seeking information protected by the attorney-client privilege and/or the work-product doctrine and/or prepared in anticipation of litigation. Plaintiff further objects as it seeks a legal conclusion and the mental impressions of Plaintiff's counsel.

**RESPONSE:**

Subject to and without waiving said objections, Plaintiff will provide any non-privileged, responsive documentation concerning its witness and exhibit lists and experts' opinions with their expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds by referring Defendant to the Complaint. Plaintiff further responds:

1. Declaration page and church policy
2. Claim File provided by Defendant
3. Underwriting Documents provided by Defendant
4. Photographs
5. Statement of Loss

Plaintiff states that there are benefits due under the policy at issue to cover damages from Hurricane Katrina. Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and response to Defendant's Requests for Production, which speaks for itself.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**INTERROGATORY NO. 19:**

Identify every expert witness with whom you, or someone on your behalf, have consulted regarding the Loss, and/or who you will call to give opinion testimony at trial and for each such expert witness provide the information required by *Rule 26* of the *Federal Rules of Civil Procedure*, including without limitation Rule 26 (a) (2); (b) (4) (B) and the local rules of this court.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 19 on the grounds that it calls for information prepared in anticipation of litigation and is therefore protected as work-product. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

**RESPONSE:**

Subject to and without waiving said objections, Plaintiff will provide any non-privileged, responsive documentation concerning its witness and exhibit lists and experts' opinions with their expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order.

Plaintiff reserve the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 20:**

Identify every person that either you or someone on your behalf has had any communication with regarding the Loss whether oral, written, or electronic, and for each identify whether any recordings were made, whether any statements were taken, whether any written communications were produced concerning same, including emails, the date and time of such communication, the parties to the communication and the substance of such communication.

**OBJECTION:**

Plaintiffs object to Interrogatory No. 20 to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine and/or prepared in anticipation of litigation. Plaintiff further objects to the extent that this request is vague and ambiguous and overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

**RESPONSE:**

Subject to and without waiving said objections, Plaintiff will provide any non-privileged, responsive documentation concerning its witness and exhibit lists and experts' opinions with their expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds that State Farm has retained adjusters and claims representatives concerning the events and losses underlying this litigation that may have responsive statements. Plaintiff further responds that it has had communications with the following State Farm representatives:

1. Adjusters listed in Claim File produced by Defendant: Robert Lemke, Brian Bradley and Michael Bourg

2. Team Managers listed in Claim File produced by Defendant: Jeff McIntyre, Walt Hugh

3. Team Leader listed in Claim File produced by Defendant: Gloria Espinosa

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

**INTERROGATORY NO. 22:**

Please state whether an investigation was conducted concerning the facts and circumstances surrounding this litigation by New Light Baptist Church or anyone on its behalf. If so, please state the full name, current or last known address, telephone number, and occupation, of the person or persons who conducted each investigation; and the full name, current or last known address and telephone number of each person now having custody of each written report, notation, or oral documentation made concerning each investigation. Provide this information regardless of whether you assert that such statements are protected as work product or by the attorney/client privilege.

**OBJECTION:**

Plaintiffs object to Interrogatory No. 22 to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine and/or prepared in anticipation of litigation. Plaintiff further objects to the extent that this request is vague and ambiguous in that it does not qualify or define "investigation". Plaintiff further objects to the extent that this request is overly broad and unduly burdensome. Plaintiff further objects to the extent that the request exceeds the scope allowed by the Federal Rules of Civil Procedure. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

**RESPONSE:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning its witness and exhibit lists and experts' opinions with their expert designations in accordance with

the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds that State Farm investigated the events and losses underlying this litigation and may have responsive statements.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or through expert witness disclosure.

### INTERROGATORY NO. 23:

If you are claiming punitive damages in this case fully identify each fact, document and witness as well as all evidence of any kind that you claim supports such claim including in your answer all such information that supports any claim you make in this case for punitive damages in an amount that exceeds a 1:1 ratio when compared to any contractual/compensatory damages you claim to be entitled.

### OBJECTION:

Plaintiff objects to Interrogatory No. 22 as seeking information protected by the attorney-client privilege and/or the work-product doctrine and/or prepared in anticipation of litigation. Plaintiff further objects as it seeks a legal conclusion and the mental impressions of Plaintiff's counsel. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

### RESPONSE:

Subject to and without waiver of said objections, Plaintiff refers Defendant to Complaint. Plaintiff further responds:

1. Declaration page and church policy
2. Claim File provided by Defendant
3. Underwriting Documents provided by Defendant

i

4.   Photographs

5.   Statement of Loss

Plaintiff further responds that there are benefits due under the policy at issue to cover damages from Hurricane Katrina. Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and Response to Defendant's Requests for Production, which speaks for itself.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**INTERROGATORY NO. 24:**

Please state whether New Light Baptist Church has ever been involved in any other legal action either as a Plaintiff or Defendant, other than the instant action. If so, please fully identify any such action, giving the identity of the persons or corporations involved; identify of the attorneys representing said parties; identify of the subject court; cause number of same; a description of the nature of each such action and the result of each such action; whether or not there was an appeal; the result of the appeal; and whether or not such case was reported with the name, and page citation of such report.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 24 as it seeks information that is irrelevant to the underlying matter.

**RESPONSE:**

Subject to and without waiving said objections, Plaintiff responds that it is presently aware of None.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**INTERROGATORY NO. 25:**  Please state whether New Light Baptist Church has IRC Section 501(c)(3) status under the Internal Revenue Code.

**OBJECTION:**

Plaintiff objects to Interrogatory No. 24 as it seeks information that is irrelevant to the underlying matter.

**RESPONSE:**

Subject to and without waiving said objections, Plaintiff responds that the status is presently unknown and will supplement this answer upon further inquiry.

Respectfully submitted, this the 6th day of May, 2009.

NEW LIGHT BAPTIST CHURCH,
Plaintiff

BY: _____

AS TO OBJECTIONS:

*s/Deborah R. Trotter*
DEBORAH R. TROTTER
MSB: #101360
Merlin Law Group, P.A
368 Courthouse Road, Suite C
Gulfport, MS  39507
Telephone (228) 604-1175
Fax (228) 604-1176
Email dtrotter@merlinlawgroup.com

<u>VERIFICATION</u>

State of _____

County of _____

     Under penalties of perjury, I declare that I have read the foregoing document and the facts stated therein, based upon my personal knowledge, and are true and correct.

                                        _____
                                        New Light Baptist Church
                                        By and through its Representative
                                          Roy Buxton

Sworn to and subscribed before me this _____ day of _____ 2009.

                                        _____
                                        Notary Public

<u>CERTIFICATE OF SERVICE</u>

I, Deborah R. Trotter, do hereby certify that I have this date filed a true and correct copy of the above and foregoing pleading which sent electronic notification via ECF to the following:

Hal S. Spragins
Hickman, Goza & Spragins
P.O. Drawer 668
Oxford, MS  38655
<u>sspragins@hickmanlaw.com</u>

This the  6th day of May, 2009.

s/Deborah R. Trotter
Deborah R. Trotter, MSB #101360

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NEW LIGHT BAPTIST CHURCH                                                    PLAINTIFF

VS.                                               CAUSE NUMBER: 1:08CV560-HSO-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                 DEFENDANT

### PLAINTIFF'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY STATE FARM FIRE AND CASUALTY COMPANY

COMES Plaintiff, New Light Baptist Church, and files this its responses to
Defendant, State Farm Fire & Casualty Company's First Set of Request for Production of
Documents as follows:

### GENERAL OBJECTIONS

Plaintiff responds to each and every request subject to and without waiving the
following objections:

1. To the extent that any request for production of documents may be construed to
   request any information subject to a claim of privilege or protected by immunity
   from production, including, without limitation, the attorney-client privilege or the
   work product or anticipation of litigation doctrines, Plaintiff claims such privilege
   or doctrinal protection. Privileged documents are not being produced by plaintiff,
   and plaintiff does not waive, and intend to preserve the attorney-client privilege,
   work product protection, and other judicially recognized protections or privileges
   with respect to all information and to each and every document protected by such
   privileges. A privilege log will be produced.

2. The production of any document pursuant to the requests for production of
   documents is without prejudice to Plaintiff's right later to object that such
   information is protected by the attorney-client privilege, the work product
   doctrine, and/or the anticipation of litigation doctrine and that production of such

information was inadvertent. The production of any information cannot be construed as an admission by Plaintiff that the information is relevant, material, authentic, or otherwise admissible as evidence.

3. Plaintiff will avail itself of the specific option to produce documents either as kept in the usual course of business, or organized and labeled to correspond to categories of production request as set forth in the Federal Rules of Civil Procedure. Production will take place after all documents are located and received, and on terms mutually agreed on between counsel for Defendant and undersigned counsel.

4. Plaintiff objects to each request calling for an answer regarding "each," "all," "every," or "any" document(s), record(s), information, person(s), or fact(s), or asking Plaintiff to identify "all other persons with knowledge" or "each basis," for a contention, on the grounds that such requests are overly broad and unduly burdensome. Plaintiff has used reasonable diligence to locate responsive information and documents based on inquiry of those persons who may reasonably be expected to possess responsive information and examination of those files that may reasonably be expected to contain responsive documents.

5. Plaintiff objects to each request to the extent that they purport to cover persons and business entities which are not parties to this action, purport to require Plaintiff to supply information that is not available to it, purports Plaintiff to submit documents which are not in the possession, custody or control of Plaintiff, or otherwise requests information or attempts to impose requirements beyond the scope of the applicable Federal Rules of Civil Procedure.

6. These general objections apply to every response provided in the future, as if set forth fully in each specific response.

<u>**Preliminary Statement**</u>

Many documents being sought in this request have been destroyed as a result of the damages from Hurricane Katrina to Plaintiff's premises. As such, Plaintiff's search for documents continues and these responses are based upon the information and documents available at this time. Plaintiff reserves the right to supplement or amend its

answers prior to trial upon discovery of additional relevant information during the discovery phase, as provided by the law and the Federal Rules of Civil Procedure.

**Specific Responses and Objections**

### REQUEST FOR PRODUCTION NO. 1:

Provide all documents or evidence that support, contradict, or relate in any way to your claim for damages under the church policy as a result of the loss on or about August 29, 2005.

### OBJECTION TO REQUEST NO. 1:

Plaintiff objects to this request to the extent that it calls for information prepared in anticipation of litigation and is therefore protected as work-product. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

### RESPONSE TO REQUEST NO. 1:

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds by referring Defendant to Complaint. Plaintiff further responds by identifying the following documents, which speak for themselves, produced in the parties' Pre-Disclosures and Plaintiffs' Responses to Request for Production, including

without limitation, the following:

1.  Church policy provided by Defendant
2.  Claim File provided by Defendant
3.  Church Underwriting Documents provided by Defendant
4.  Photographs
5.  Statement of Loss
6.  Estimates of Damage – State Farm
7.  Estimates of Damage – South Eastern Florida Management Group

Plaintiff reserves the right to supplement this response as more information becomes available through clarification, discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 2:** Separately for each interrogatory and request for admission, please provide the original or a legible copy of each document or tangible item, which you referred to, identified or which supports in any way your response to each interrogatory and request for admission.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to Request No. 2 to the extent that it calls for information protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, please see the responsive documents already in the possession of Defendant as served by Plaintiff in Pre-Disclosures and documents produced with Plaintiff's Response to Request for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant
4. Correspondence (Bates No. 000022-000038)
5. Photographs (Bates No. 000039-000052)
6. Statement of Loss (Bates No. 000053-54)
7. Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8. Estimates of Damage – State Farm (Bates No. 000056-000120)
9. Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through clarification, discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 3:** Provide a copy of all documents or evidence in support of any claim you are making under any coverage under the church policies not otherwise produced in response to other requests for production including a specific designation of which documents and/or evidence relate to which specific coverage under which you make a claim.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to Request No. 3 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine. Plaintiff further objects to Request No. 3 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other

information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds, please see the responsive documents already in the possession of Defendant as served by Plaintiff in Pre-Disclosures and documents produced with Plaintiff's Response to Request for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant
4. Correspondence (Bates No. 000022-000038)
5. Photographs (Bates No. 000039-000052)
6. Statement of Loss (Bates No. 000053-54)
7. Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8. Estimates of Damage – State Farm (Bates No. 000056-000120)
9. Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through clarification, discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 4:** Original or legible copies of each and every document, object or thing which you may use at trial.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds, please see the responsive documents already in the possession of Defendant as served by Plaintiff in Pre-Disclosures and documents produced with Plaintiff's Response to Request for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant
4. Correspondence (Bates No. 000022-000038)
5. Photographs (Bates No. 000039-000052)
6. Statement of Loss (Bates No. 000053-54)
7. Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8. Estimates of Damage – State Farm (Bates No. 000056-000120)
9. Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through clarification, discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 5:** Please produce each and every document that you identified, relied upon or referenced in answering these Interrogatories and/or Request for Production of Documents.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to Request No. 5 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine. Plaintiff further objects to Request No. 5 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds, please see the responsive documents already in the possession of Defendant as served by Plaintiff in Pre-Disclosures and documents produced with Plaintiff's Response to Request for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant

3.  Church Underwriting Documents provided by Defendant
4.  Correspondence (Bates No. 000022-000038)
5.  Photographs (Bates No. 000039-000052)
6.  Statement of Loss (Bates No. 000053-54)
7.  Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8.  Estimates of Damage – State Farm (Bates No. 000056-000120)
9.  Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through clarification, discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 6:**  For each source of funds you have identified in responses to Interrogatory No. 13, please provide all documents or evidence received from or provided to each source of funds including but not limited to all applications, correspondence, check stubs, wiring instructions, bank statements showing deposits, notes, mortgages, deeds of trust, repayment obligations.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to Request No. 6 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous as it does not define "funds" and is not limited in time or scope. Plaintiff further objects to the extent that the request seeks a legal conclusion and/or the mental impressions of Plaintiff's counsel and that it seeks information subject to the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine.  Plaintiff objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

**RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds that it only had a policy through State Farm for the church property.

Plaintiff reserves the right to supplement this response as more information becomes available through clarification, discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 7:** Fully identify all witnesses, all documents and/or evidence of any kind which you may offer at the trial of this matter.

**OBJECTION TO INTERROGATORY NO. 7:**

Plaintiff objects to Request No. 7 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine. Plaintiff further objects to Request No. 7 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order.

Plaintiff reserves the right to supplement this response as more information becomes available through clarification, discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 8:** All documents and evidence of any kind that you claim that you have submitted to State Farm concerning your claim.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff further objects to Request No. 8 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to the extent that this request is overly broad and unduly burdensome.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, please see the responsive documents already in the possession of Defendant as served by Plaintiff in Pre-Disclosures and documents produced with Plaintiff's Response to Request for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant

4.  Correspondence (Bates No. 000022-000038)
5.  Photographs (Bates No. 000039-000052)
6.  Statement of Loss (Bates No. 000053-54)
7.  Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8.  Estimates of Damage – State Farm (Bates No. 000056-000120)
9.  Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through clarification, discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 9:** All reports, photographs, emails, tapes, video or voice and digitally stored recorded or written statements, interviews and conversations, tangible items, documents or evidence, photographs, movies, or video tapes in your possession, custody or control or in control of your representatives, which relate to the Loss and claims made by you in this suit including any recordings or diaries in your possession, custody or control concerning same, including all written or recorded statements and/or conversations in your possession taken from any agent, employee or representative of Defendant or any other witness relevant to this litigation and the claims or defenses made herein. Your response should also include all material, without limitation, originating from Defendant which you claim is related to this loss or any matter pertaining to same, including the allegations contained in Plaintiff's Complaint herein, and the investigation of the Loss or any other matter, the cause of the Loss or relating to any claim you are making, including but not limited to, all such items that show the condition of any property claimed by you before the loss, at the time of the Loss and after.

**OBJECTION TO REQUEST NO. 9:**

Plaintiff objects to Request No. 9 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine. Plaintiff further objects to Request No. 9 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that this request exceeds the scope allowed by the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds, please see the responsive documents attached to Plaintiff's Pre-Discovery Disclosures and documents produced with Plaintiff's Response to Request for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant
4. Correspondence (Bates No. 000022-000038)

5.  Photographs (Bates No. 000039-000052)

6.  Statement of Loss (Bates No. 000053-54)

7.  Copies of Checks paid to New Light Baptist Church (Bates No. 000055)

8.  Estimates of Damage – State Farm (Bates No. 000056-000120)

9.  Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through clarification, discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 10:**  All receipts, bills of sale or other documents or evidence evidencing expenses incurred:

(a)    in removing any debris or other property from the insured location after the Loss, if any, and the location of any such property at the time of the Loss, and the current location of any such property; and

(b)    all receipts, bills of sale or other documents or evidence reflecting all expenses incurred by you for repairs to the property, temporary or otherwise, which have been made by you or on your behalf since the Loss, if any, and all receipts related to same.

**OBJECTION TO REQUEST NO. 10:**

Plaintiff objects to Request No. 10 to the extent that it calls for information that it is overly broad, unduly burdensome.   Plaintiff further objects to Request No. 10 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope.

**RESPONSE TO REQUEST NO. 10:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff responds that they will seek to determine if receipts and invoices can be found or exists as many volunteers assisted in the clean-up.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 11:** All drawings, plans, specifications, appraisals, surveys, elevation reports and all other such types of documents or evidence related to the subject property.

**OBJECTION TO REQUEST NO. 11:**

Plaintiff objects to Request No. 11 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine.    Plaintiff further objects to Request No. 11 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.

**RESPONSE TO REQUEST NO. 11:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert

designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds that they currently have none in their possession.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 12:** Any and all documents you believe support your claims for extra-contractual damages against State Farm.

**OBJECTION TO INTERROGATORY NO. 12:**

Plaintiff objects to Request No. 12 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine. Plaintiff further objects to Request No. 12 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that this request exceeds the scope allowed by the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling

Order.   Plaintiff further responds, please see the responsive documents attached to Plaintiff's Pre-Discovery Disclosures and documents produced with Plaintiff's Response to Request for Production of Documents, including the following:

1.  Church policy (Bates No. 000001-000021)
2.  Claim File provided by Defendant
3.  Church Underwriting Documents provided by Defendant
4.  Correspondence (Bates No. 000022-000038)
5.  Photographs (Bates No. 000039-000052)
6.  Statement of Loss (Bates No. 000053-54)
7.  Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8.  Estimates of Damage – State Farm (Bates No. 000056-000120)
9.  Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through clarification, discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 13:** All documents or evidence, including but   not limited to correspondence, sales materials, advertisements, photographs, public service announcements, video tapes, audio tapes, or otherwise, which either support and which may contradict any claim for breach of contract you make against State Farm.

**OBJECTION TO REQUEST NO. 13:**

Plaintiff objects to Request No. 13 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine.   Plaintiff further objects to Request No. 13 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the

extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that this request exceeds the scope allowed by the Federal Rules of Civil Procedure.

### RESPONSE TO REQUEST NO. 13:

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds, please see the responsive documents attached to Plaintiff's Pre-Discovery Disclosures and documents produced with Plaintiff's Response to Request for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant
4. Correspondence (Bates No. 000022-000038)
5. Photographs (Bates No. 000039-000052)
6. Statement of Loss (Bates No. 000053-54)
7. Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8. Estimates of Damage – State Farm (Bates No. 000056-000120)
9. Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 14:** All documents or evidence, including but not limited to correspondence, sales materials, advertisements, video tapes, audio tapes, or otherwise, which either support or contradict your claim that promises or representations were made by any Defendant, directly or indirectly, as to the coverage provided by the church policy, at any time.

**OBJECTION TO REQUEST NO. 14:**

Plaintiff objects to Request No. 14 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine. Plaintiff further objects to Request No. 14 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that this request exceeds the scope allowed by the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 14:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds, please see the responsive documents attached to

Plaintiff's Pre-Discovery Disclosures and documents produced with Plaintiff's Response

to Request for Production of Documents, including the following:

1.  Church policy (Bates No. 000001-000021)
2.  Claim File provided by Defendant
3.  Church Underwriting Documents provided by Defendant
4.  Correspondence (Bates No. 000022-000038)
5.  Photographs (Bates No. 000039-000052)
6.  Statement of Loss (Bates No. 000053-54)
7.  Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8.  Estimates of Damage -- State Farm (Bates No. 000056-000120)
9.  Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information

becomes available through discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 15:** All documents or evidence,

including but not limited to correspondence, sales materials, advertisements, video tapes,

audio tapes, or otherwise, which either support or contradict your claim that Defendant

acted in a willful, reckless, and/or gross negligent manner or in any way with improper

motive.

**OBJECTION TO REQUEST NO. 15:**

Plaintiff objects to Request No. 15 to the extent that it calls for information that it

is overly broad, unduly burdensome and that it requests information that is protected by

the attorney-client privilege and/or prepared in anticipation of litigation and protected by

the work-product doctrine.   Plaintiff further objects to Request No. 15 to the extent that it

seeks information irrelevant to the issues in the Underlying Matter and objects to the

extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff

further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that this request exceeds the scope allowed by the Federal Rules of Civil Procedure.

### RESPONSE TO REQUEST NO. 15:

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds, please see the responsive documents attached to Plaintiff's Pre-Discovery Disclosures and documents produced with Plaintiff's Response to Request for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant
4. Correspondence (Bates No. 000022-000038)
5. Photographs (Bates No. 000039-000052)
6. Statement of Loss (Bates No. 000053-54)
7. Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8. Estimates of Damage – State Farm (Bates No. 000056-000120)
9. Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through discovery and/or expert testimony and opinion.

**REQUEST FOR PRODUCTION NO. 16:** All documents or evidence, including but not limited to correspondence, sales materials, advertisements, video tapes, audio tapes, or otherwise which you have seen, reviewed, been provided from any source regarding any National Flood Insurance Program since January 1, 2003.

**OBJECTION TO REQUEST NO. 16:**

Plaintiff objects to Request No. 16 insofar as it is overly broad, unduly vague and unduly burdensome. Plaintiff further objects to Request No. 16 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope.

**RESPONSE TO OBJECTION NO. 16:**

Subject to and without waiving said objections, Plaintiff responds that there are none currently in its possession.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert witness disclosure.

**REQUEST FOR PRODUCTION NO. 17:** All documents in your possession, care, custody or control, from any source, which purports to be a document made, created, written or produced by or for any State Farm entity, or employee thereof that relates to the church policy and the sale of any policy or any adjustment of any damage resulting from Hurricane Katrina under any policy.

**OBJECTION TO REQUEST NO. 17:**

Plaintiff objects to Request No. 17 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by

the work-product doctrine. Plaintiff further objects to Request No. 17 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that this request exceeds the scope allowed by the Federal Rules of Civil Procedure.

### RESPONSE TO REQUEST NO. 17:

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds that relevant documents that are responsive to this Request can be found within the State Farm's Initial and Pre-Discovery Disclosures and its Claims Files regarding Plaintiff and others policyholders. Plaintiff further responds documents responsive to this Request may be found in Plaintiffs' Pre-Discovery Disclosure and in Response to Requests for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant
4. Correspondence (Bates No. 000022-000038)
5. Photographs (Bates No. 000039-000052)
6. Statement of Loss (Bates No. 000053-54)

7. Copies of Checks paid to New Light Baptist Church (Bates No. 000055)

8. Estimates of Damage – State Farm (Bates No. 000056-000120)

9. Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony and opinion

**REQUEST FOR PRODUCTION NO. 18:** Please produce any and all correspondence of any type or nature which evidences any transactions or request made by New Light Baptist Church, to and or through the McHan agency.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff objects to Request No. 18 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine. Plaintiff further objects to Request No. 18 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous.

**RESPONSE TO REQUEST NO. 18:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff responds by referring Defendant to the policy, which is attached, and any correspondence in State Farm's claims file.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony and opinion

**REQUEST FOR PRODUCTION NO. 19:** Please produce all documents pertaining to IRC Section 501(c)(3) status under the Internal Revenue Code of New Light Baptist Church.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff objects to Request No. 19 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous.

**RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff currently has none in its possession.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony and opinion

**REQUEST FOR PRODUCTION NO. 20:** Please produce all church income tax returns filed with the state and federal government since January 1, 2005 to include all schedules and forms and copies of all documents or evidence delivered to your tax preparer for the years 2005 through the present.

**OBJECTION TO REQUEST NO. 20:**

Plaintiff objects to Request No. 20 to the extent that it seeks information irrelevant to the issues in the Underlying Matter. Plaintiff further objects to the extent that the request seeks confidential, privileged and sensitive financial information that is subject to a Protective Order. Plaintiff further objects to the extent that Defendant does not specify relevant information from tax records regarding any claims or defenses, which information may be available from non-privileged sources.

**RESPONSE TO REQUEST NO. 20:**

Upon the stated objections, Plaintiff moves the Court for a Protective Order from further response to Request No. 20.

**REQUEST FOR PRODUCTION NO. 21:** Please produce all state and federal tax schedules upon which you have asserted any claim for any deduction for any catastrophe loss for your tax year that includes August 29, 2005, and all documents and other tangible items justifying your claim that you have claimed for any loss whether by insurance grant, loan or assistance or payment of any kind and all documents or other tangible items related to or supporting such loss or reimbursement.

**OBJECTION TO REQUEST NO. 21:**

Plaintiff objects to Request No. 21 to the extent that it seeks information irrelevant to the issues in the Underlying Matter. Plaintiff further objects to the extent that the request seeks confidential, privileged and sensitive financial information that is subject to a Protective Order. Plaintiff further objects that the information sought may be available from other sources that are not sensitive, confidential or privileged.

**RESPONSE TO REQUEST NO. 21:**

Upon the stated objections, Plaintiff moves the Court for a Protective Order from further response to Request No. 21.

**REQUEST FOR PRODUCTION NO. 22:** Please provide a copy of the church bylaws, church polices and any other documents related to the formation and inception of New Light Baptist Church.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to Request No. 22 to the extent that it seeks information

irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous.

### RESPONSE TO REQUEST NO. 22:

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff responds that responsive documents, including the Church Mission Statement, Preamble Bylaws and other documents related to the inception are attached.

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony and opinion

**REQUEST FOR PRODUCTION NO. 23:** Please provide any and all documentation, notes, memorandums and or reports from any and all investigations conducted with regard to this matter.

### OBJECTION TO REQUEST NO. 23:

Plaintiff objects to Request No. 23 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine. Plaintiff further objects to Request No. 23 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to

the extent that this request exceeds the scope allowed by the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 23:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds that relevant documents that are responsive to this Request can be found within the State Farm's Initial and Pre-Discovery Disclosures and its Claims Files regarding Plaintiff and others policyholders. Plaintiff further responds documents responsive to this Request may be found in Plaintiffs' Pre-Discovery Disclosure and in Response to Requests for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant
4. Correspondence (Bates No. 000022-000038)
5. Photographs (Bates No. 000039-000052)
6. Statement of Loss (Bates No. 000053-54)
7. Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8. Estimates of Damage – State Farm (Bates No. 000056-000120)
9. Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony and opinion

**REQUEST FOR PRODUCTION NO. 24:** Please provide original or legible copies of any and all written or recorded (by any means) statements, notes or memoranda made by or for any party or witness pertaining to the facts of this case.

**OBJECTION TO REQUEST NO. 24:**

Plaintiff objects to Request No. 24 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work-product doctrine. Plaintiff further objects to Request No. 24 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that this request exceeds the scope allowed by the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 24:**

Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds that relevant documents that are responsive to this Request can be found within the State Farm's Initial and Pre-Discovery Disclosures and its Claims Files regarding Plaintiff and others policyholders. Plaintiff further responds

documents responsive to this Request may be found in Plaintiffs' Pre-Discovery Disclosure and in Response to Requests for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant
4. Correspondence (Bates No. 000022-000038)
5. Photographs (Bates No. 000039-000052)
6. Statement of Loss (Bates No. 000053-54)
7. Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8. Estimates of Damage – State Farm (Bates No. 000056-000120)
9. Estimates of Damage – South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony and opinion.

Respectfully Submitted,

NEW LIGHT BAPTIST CHURCH,
Plaintiff

BY:    *s/Deborah R. Trotter*
Deborah R. Trotter

DEBORAH R. TROTTER
MSB: #101360
Merlin Law Group, P.A
368 Courthouse Road, Suite C
Gulfport, MS 39507
Telephone (228) 604-1175
Fax (228) 604-1176
Email dtrotter@merlinlawgroup.com

CERTIFICATE OF SERVICE

I, Deborah R. Trotter, do hereby certify that I have this date filed a true and correct copy of the above and foregoing pleading which sent electronic notification via ECF to the following:

Hal S. Spragins
Hickman, Goza & Spragins
P.O. Drawer 668
Oxford, MS 38655
sspragins@hickmanlaw.com

This the 6th day of May, 2009.

s/Deborah R. Trotter
Deborah R. Trotter, MSB #101360