**IN THE UNITED STATES DISTRICT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**NEW LIGHT BAPTIST CHURCH
PLAINTIFF**

**VS.**                                        **CAUSE NO. 1:08-CV-00560-HSO-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY
DEFENDANT**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL DISCOVERY**

COMES NOW, Plaintiff, New Light Baptist Church, (herein referred to as "Plaintiff"), and files its Response in Opposition to Defendant's Motion to Compel Discovery. In support of its opposition, Plaintiff shows unto the Court the following to wit:

**1.** On or about September 14, 2009, State Farm filed its Motion to Compel Discovery Responses to Interrogatories and Requests for Production.

**2**. On or about September 14, 2009, Defendant failed to file its Memorandum in Support of Defendant's Motion to Compel, as required by Local Rule 7.2 (D). Therefore, the Court may dismiss this motion for failure to comply. However, if the Court allows State Farm to file its Memorandum in Support of its Motion to Compel, Plaintiff reserves its right to file a Memorandum in Opposition to State Farm's Memorandum in Support of its Motion to Compel.

3. On or about March 2, 2009, Plaintiff served its Pre-Disclosures to Defendant.

**4**. On or about May 6, 2009, Plaintiff served its responses to Defendant's First Set of Interrogatories and Request of Production of Documents.

5.  On June 27, 2009, the designated representative for New Light Baptist Church was deposed by State Farm.

6.  On July 29, 2009, Plaintiff designated its experts and submitted to State Farm its expert reports and supporting documentation.

7.  On August 25, 2009, the Pastor of New Light Baptist Church was deposed by State Farm.

8.  On August 26, 2009, State Farm sent its Engineers to perform a site inspection to determine damages and causation.

9.  On November 20, 2009, the Secretary of New Light Baptist Church is scheduled for deposition.

10.  The Discovery Deadline in this case is set for January 15, 2010.

11.  Plaintiff's counsel has discussed with Defendant's counsel that the Plaintiff's continue to seek responsive documentation in accordance with the Rules of Civil Procedure and will supplement accordingly.  Plaintiff's counsel also discussed with Defendant's counsel that Plaintiff has produced all responsive documentation in its possession at this time and has not withheld any documentation on the basis of attorney-client privilege or work product privilege.  Plaintiff's counsel further informed Defendant's counsel that in the event that any privileged, responsive documentation is obtained through continued discovery and withheld due to such a privilege, a privilege log would be provided in accordance with the Local Rules and the Federal Rules of Civil Procedure.

12. The disputed discovery responses are as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** With respect to your claim for Declaratory Judgment, fully identity all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No.1 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33(c). Plaintiff has sued State Farm for damages to real and personal property resulting from Hurricane Katrina. Count I of the Complaint is an action for declaratory judgment with respect to "an 'anti-concurrent causation' clause, such that all coverage is precluded for the Plaintiff's loss if any water damage occurred in combination with wind and/or rain damage to cause the loss to the insured premises"; however, Plaintiff made no claim for flood damage, nor did State Farm deny coverage due to flooding. Therefore, State Farm is entitled to know the basis of this cause of action.

Plaintiff submits that Defendant has clarified its request in its Motion to Compel, to which Plaintiff responds that it is not making a claim for flood damage, as its property was not affected by storm surge or rising waters from Hurricane Katrina. Plaintiff further submits that in addition to its Pre-Disclosures, its Responses to Interrogatories and Requests for Production, and through the course of discovery outlined in page one of this response in opposition, Plaintiff has provided facts, witnesses, documents and evidence which support a claim for declaratory judgment with respect to Defendant's use of the

"anti-concurrent causation clause" with regard to any exclusion asserted now or in the

future by State Farm as a defense to Plaintiff's covered damages.  Plaintiff reserves the

right to supplement this response as discovery is ongoing and Plaintiff has not yet

deposed Defendant's agent, adjusters, engineers, claims representatives and claims

managers.

**INTERROGATORY NO. 2:** With respect to your claim for Negligence/Gross Negligence/Reckless Disregard for Rights of Plaintiff, fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 2 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The instant interrogatory is neither irrelevant, overly broad, unduly burdensome, vague. Plaintiff has sued State Farm for Negligence/Gross Negligence/Reckless Disregard for Rights of Plaintiff arising out of the handing of its Hurricane Katrina claim. Therefore, the requested information is either relevant to the claims or defenses of the parties or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 3(c). If Plaintiff will allege at trial that there was evidence available to State Farm, which State Farm failed to consider during its handling of this claim, State Farm is entitled to know same.

Plaintiff submits that in addition to its Pre-Disclosures, its Responses to

Interrogatories and Requests for Production and so far through the course of discovery,

which has not yet ended, Plaintiff has identified facts, witnesses, documents and evidence

in response to questions posed at the depositions of Plaintiff's representative and pastor

on June 29, 2009 and August 26, 2009 by State Farm attorneys regarding State Farm's

Negligence/Gross Negligence/Reckless Disregard for Rights of Plaintiff.    Plaintiff

reserves the right to supplement this response as discovery is ongoing and Plaintiff has

not yet deposed Defendant's agent, adjusters, engineers, claims representatives and

claims managers.

**INTERROGATORY NO. 3:** With respect to your claim for Breach of Contract, fully
identify all facts, witnesses, documents and evidence of any kind which support or
contradict your claims including a summary of knowledge of each witness.
**RESPONSE:** Plaintiff objects to Interrogatory No. 3 to the extent that it seeks the
disclosure of expert and other information prior to the deadlines allowed by the Federal
Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.
Plaintiff further objects to the extent that the request calls for a legal conclusion and/or
the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it
requests information that is irrelevant, overly broad, unduly burdensome, vague and/or
beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving
said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide
any non-privileged, responsive documentation concerning their witness and exhibit lists
and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff
reserves the right to supplement this response as more as more information becomes
available to discovery, clarification and/or through expert witness disclosure.
**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The instant
interrogatory is neither irrelevant, overly broad, unduly burdensome, vague. Plaintiff has
sued State Farm for Breach of Contract arising out of the handing of its Hurricane
Katrina claim. Therefore, the requested information is either relevant to the claims or
defenses of the parties or reasonably calculated to lead to the discovery of admissible
evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not
necessarily objectionable merely because an answer to the interrogatory involves an
opinion or contention that relates to fact or the application of law to fact . . ." FED.
R.CIV. P. 3(c). If Plaintiff will allege at trial that there was evidence available to State
Farm, which State Farm failed to consider during its handling of this claim, State Farm is
entitled to know same.

Plaintiff submits that in addition to its Pre-Disclosures, its Responses to

Interrogatories and Requests for Production and so far through the course of discovery,

which has not yet ended, Plaintiff has identified facts, witnesses, documents and evidence

in response to questions posed at the depositions of Plaintiff's representative and pastor

on June 29, 2009 and August 26, 2009 by State Farm attorneys regarding State Farm's

Breach of Contract.   Plaintiff reserves the right to supplement this response as discovery

is ongoing and Plaintiff has not yet deposed Defendant's agent, adjusters, engineers,

claims representatives and claims managers.

**INTERROGATORY NO. 4:** With respect to your claim for Breach of Duty of Good
Faith and Fair Dealing, fully identify all facts, witnesses, documents and evidence of any
kind which support or contradict your claims including a summary of knowledge of each
witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 4 to the extent that it seeks the
disclosure of expert and other information prior to the deadlines allowed by the Federal
Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time.
Plaintiff further objects to the extent that the request calls for a legal conclusion and/or
the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it
requests information that is irrelevant, overly broad, unduly burdensome, vague and/or
beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving
said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide
any non-privileged, responsive documentation concerning their witness and exhibit lists
and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff
reserves the right to supplement this response as more as more information becomes
available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The instant
interrogatory is neither irrelevant, overly broad, unduly burdensome, vague. Plaintiff has
sued State Farm for Breach of Duty of Good Faith and Fair Dealing arising out of the
handing of its Hurricane Katrina claim. Therefore, the requested information is either
relevant to the claims or defenses of the parties or reasonably calculated to lead to the
discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory
otherwise proper is not necessarily objectionable merely because an answer to the
interrogatory involves an opinion or contention that relates to fact or the application of
law to fact . . ." FED. R. CIV. P. 3(c). If Plaintiff will allege at trial that there was
evidence available to State Farm, which State Farm failed to consider during its handling
of this claim, State Farm is entitled to know same.

Plaintiff submits that in addition to its Pre-Disclosures, its Responses to

Interrogatories and Requests for Production and so far through the course of discovery,

which has not yet ended, Plaintiff has identified facts, witnesses, documents and evidence

in response to questions posed at the depositions of Plaintiff's representative and pastor

on June 29, 2009 and August 26, 2009 by State Farm attorneys regarding State Farm's

Duty of Good Faith and Fair Dealing.   Plaintiff reserves the right to supplement this

response as discovery is ongoing and Plaintiff has not yet deposed Defendant's agent,

adjusters, engineers, claims representatives and claims managers.

**INTERROGATORY NO. 5:** With respect to your claims for Policy Reformation fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 5 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33(c). Plaintiff has sued State Farm for damages to real and personal property resulting from Hurricane Katrina. Count V of the Complaint is an action for Policy Reformation of the contract of insurance in the event the court finds that "some damage was due to flood waters/storm surge." However, flooding is not at issue in this lawsuit, for (1) Plaintiff did not claim flood loss; (2) State Farm found no evidence of flooding at the risk site; and (3) State Farm did not deny coverage due to flooding. Therefore, State Farm is entitled to know the basis of this cause of action.

Plaintiff submits that Defendant has clarified its request in its Motion to Compel,

to which Plaintiff responds that it is not making a claim for flood damage, as its property

was not affected by storm surge or rising waters from Hurricane Katrina.

**INTERROGATORY NO. 6:** With respect to your claims for Promissory Estoppel fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 6 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or

the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33 (c). Plaintiff has sued State Farm for damages to real and personal property resulting from Hurricane Katrina. In Count VI of the Complaint, an action for Promissory Estoppel, Plaintiff alleges that "State Farm completely denied any coverage for the loss, arguing that the Policy does not cover the damage, due to the fact that the ultimate result of the hurricane was flood water/storm surge." However, flooding is not at issue in this lawsuit, for (1) Plaintiff did not claim flood loss; (2) State Farm found no evidence of flooding at the risk site; and (3) State Farm did not deny coverage due to flooding. Therefore, State Farm is entitled to know the basis of this cause of action.

Plaintiff submits that Defendant has clarified its request in its Motion to Compel,

to which Plaintiff responds that it is not making a claim for flood damage, as its property

was not affected by storm surge or rising waters from Hurricane Katrina.

**INTERROGATORY NO. 7:** With respect to your claims for Agent Negligence fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 7 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The information requested is clearly relevant to the claims or defenses of the parties and/or

reasonably calculated to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33(c). If Plaintiff is going to allege at trial that any statement or communication by State Farm, its representative, agents or employees, constitutes a material misrepresentation or omission of fact, then State Farm is entitled to know the same. Please supplement your answer to the instant interrogatory immediately.

Plaintiff submits that in addition to its Pre-Disclosures, its Responses to Interrogatories and Requests for Production and so far through the course of discovery, which has not yet ended, Plaintiff has identified facts, witnesses, documents and evidence in response to questions posed at the depositions of Plaintiff's representative and pastor on June 29, 2009 and August 26, 2009 by State Farm attorneys regarding State Farm's Agent's Negligence.   Plaintiff reserves the right to supplement this response as discovery is ongoing and Plaintiff has not yet deposed Defendant's agent, adjusters, engineers, claims representatives and claims managers.

**INTERROGATORY NO. 8:** With respect to your claims for Bad Faith fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 8 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33(c). Plaintiff has

sued State Farm for damages to real and personal property resulting from Hurricane Katrina. Count VII of the Complaint is an action for breach of the covenant of good faith and fair dealing. Therefore, State Farm is entitled to know the basis of this cause of action. If Plaintiff has evidence which allegedly supports the theory that State Farm breached the covenant of good faith and fair dealing, State Farm is entitled to know the same.

Plaintiff submits that in addition to its Pre-Disclosures, its Responses to Interrogatories and Requests for Production and so far through the course of discovery, which has not yet ended, Plaintiff has identified facts, witnesses, documents and evidence in response to questions posed at the depositions of Plaintiff's representative and pastor on June 29, 2009 and August 26, 2009 by State Farm attorneys regarding State Farm's Agent's Negligence. Plaintiff reserves the right to supplement this response as discovery is ongoing and Plaintiff has not yet deposed Defendant's agent, adjusters, engineers, claims representatives and claims managers.

**INTERROGATORY NO. 9:** With respect to your claims for Negligent/Intentional Infliction of Emotional Distress fully identify all facts, witnesses, documents and evidence of any kind which support or contradict your claims including a summary of knowledge of each witness.

**RESPONSE:** Plaintiff objects to Interrogatory No. 9 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement this response as more as more information becomes available to discovery, clarification and/or through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The information requested is clearly relevant to the claims or defenses of the parties and/or reasonably calculated to lead to discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Moreover, "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." FED. R. CIV. P. 33(c). Plaintiff has sued State Farm for damages to real and personal property resulting from Hurricane

Katrina. Count IX of the Complaint is an action for Negligent/Intentional Infliction of Emotional Distress and alleges that Plaintiff has suffered mental and emotional pain, suffering, and financial injury as a proximate and foreseeable result of State Farm's bad faith adjustment and denial and treatment of Plaintiff through the claims process." However, Plaintiff is a church entity, which suggests that Plaintiff's Complaint is little more than a form filed by its attorneys in other lawsuits, and upon information and belief, many of the allegations included in it, such as the action for Negligent/Intentional Infliction of Emotional Distress, are not actually at issue in this litigation. Therefore, State Farm is entitled to know the basis of this cause of action.

Plaintiff submits that in addition to its Pre-Disclosures, its Responses to Interrogatories and Requests for Production and so far through the course of discovery, which has not yet ended, Plaintiff has identified facts, witnesses, documents and evidence in response to questions posed at the depositions of Plaintiff's representative and pastor on June 29, 2009 and August 26, 2009 by State Farm attorneys regarding State Farm's Negligent/Intentional Infliction of Emotional Distress.    Plaintiff reserves the right to supplement this response as discovery is ongoing and Plaintiff has not yet deposed Defendant's agent, adjusters, engineers, claims representatives and claims managers.

**INTERROGATORY NO. 12:** Please provide the exact amount you claim is owed by State Farm under the subject church policy, excluding any amounts you claim to be owed as a result of the extra-contractual claims. Please provide exactly which policy provisions you claim entitle you to said amounts and please provide an itemization of which provision entitles you to exactly what amount.

**RESPONSE:** Plaintiff objects to Interrogatory No. 12 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel. Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff further responds by referring Defendant to the Complaint and the Policy, Plaintiff further responds by referring Defendant to the policy, which speaks for itself. Plaintiff further responds that there are benefits due under the policy at issue to cover damages from Hurricane Katrina. Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and responses to Defendant's Requests for Production, which

documentation speak for itself. Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. Pursuant to FED. R. CIV. P. 33 (c) "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." Furthermore, the requested information falls within the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires "a computation of each category of damages claimed: and identification of "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Your vague, evasive and incomplete reference to the Policy and the Complaint is insufficient. Plaintiff's Complaint is little more than a form filed by its attorney in other lawsuits and, upon information and belief, many of the allegations included in it are not actually at issue in this litigation. This answer is incomplete as it merely refers State Farm back to the Complaint and the Policy which "speaks for itself." This bare and imprecise statement hardly represents a good faith attempt to respond to State Farm's inquiry. Please provide a full and complete response immediately.

Plaintiff submits that it has provided damage estimates for its three buildings and personal property inventories to State Farm in its Pre-Disclosures. Those damage estimates and inventories are documents presented to State Farm that easily outline the damages claimed by Plaintiff, which documents the Federal Rules of Procedure allow to speak for themselves. Fed. R. Civ. Pro. 33(d). Further, Plaintiff submits that as State Farm is in possession of documentation of State Farm payments to Plaintiff for damages claimed, State Farm can easily ascertain the exact amount of damages claimed under the policy by Plaintiff by subtracting its payments from the damage estimates presented to State Farm prior to Plaintiff's filing the lawsuit, which estimates were again presented in Plaintiff's Pre-Disclosures, and again presented in Plaintiff's expert designations and again presented at the court ordered mediation on September 24, 2009, at which time after presentation of the exact damages minus payments, State Farm refused to participate in the court ordered mediation by refusing to even counter or recognize Plaintiff's damages as previously submitted since being prepared on or about February 25, 2008 by

professional damage estimators.  Plaintiff submits that State Farm has the exact damages

amounts claimed by Plaintiff.

**INTERROGATORY NO. 13:** Separately for each kind of loss and damage claimed by you, fully identify and describe with specificity every fact(s) and policy term and/or condition under any coverage of your church policy that you contend provides coverage for any Loss claimed as a result of Hurricane Katrina, and identify every document and witness which supports your contention(s).

**RESPONSE:** Plaintiff objects to Interrogatory No. 13 to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that the request calls for a legal conclusion and/or the mental impressions of Plaintiff's counsel.

Plaintiff further objects to the extent that it requests information that is irrelevant, overly broad, unduly burdensome, vague and/or beyond the scope of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions in accordance with the Federal Rules of Civil Procedure. Plaintiff further responds by referring Defendant to Complaint. Plaintiff further responds by referring Defendant to the policy, which speaks for itself. Plaintiff further responds that there are benefits due under the policy at issue to cover damages from Hurricane Katrina. Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and responses to Defendant's Requests for Production, which documentation speak for itself. Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. Pursuant to FED. R. CIV. P. 33 (c) "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." Furthermore, the requested information falls within the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires "a computation of each category of damages claimed: and identification of "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Your vague, evasive and incomplete reference to the Policy and the Complaint is insufficient. Plaintiff's Complaint is little more than a form filed by its attorney in other lawsuits and, upon information and belief, many of the allegations included in it are not actually at issue in this litigation. This answer is incomplete as it merely refers State Farm back to the Complaint and the Policy which "speaks for itself". This bare and imprecise statement hardly represents a good faith attempt to respond to State Farm's inquiry. Please provide a full and complete response immediately.

Plaintiff submits that it has provided damage estimates for its three buildings and

personal property inventories to State Farm in its Pre-Disclosures.  Those damage

estimates and inventories are documents presented to State Farm that easily outline the damages claimed by Plaintiff, which documents the Federal Rules of Procedure allow to speak for themselves. Fed. R. Civ. Pro. 33(d).  Further, Plaintiff submits that as State Farm is in possession of documentation of State Farm payments to Plaintiff for damages claimed, State Farm can easily ascertain the exact amount of damages claimed under the policy by Plaintiff by subtracting its payments from the damage estimates presented to State Farm prior to Plaintiff's filing the lawsuit, which estimates were again presented in Plaintiff's Pre-Disclosures, and again presented in Plaintiff's expert designations and again presented at the court ordered mediation on September 24, 2009, at which time after presentation of the exact damages minus payments, State Farm refused to participate in the court ordered mediation by refusing to even counter or recognize Plaintiff's damages as previously submitted since being prepared on or about February 25, 2008 by professional damage estimators.  Plaintiff submits that State Farm has the exact damages amounts claimed by Plaintiff.

**INTERROGATORY NO. 22:** Please state whether an investigation was conducted concerning the facts and circumstances surrounding this litigation by New Light Baptist Church or anyone on its behalf. If so, please state the full name, current or last known address, telephone number, and occupation, of the person or persons who conducted each investigation; and the full name, current or last known address and telephone number of each person now having custody of each written report, notation, or oral documentation made concerning each investigation. Provide this information regardless of whether you assert that such statements are protected as work product or by the attorney/client privilege.

**RESPONSE:** Plaintiffs object to Interrogatory No. 22 to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine and/or prepared in anticipation of litigation. Plaintiff further objects to the extent that this request is vague and ambiguous in that it does not qualify or define "investigation". Plaintiff further objects to the extent that this request is overly broad and unduly burdensome. Plaintiff further objects to the extent that the requests exceeds the scope allowed by the Federal Rules of Civil Procedure. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is

therefore premature at this time. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff will provide any non-privileged, responsive documentation concerning its witness and exhibit lists and experts' opinions with their expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds that State Farm investigated the events and losses underlying this litigation and may have responsive statements. Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** This answer is incomplete. If any other such person or entity has conducted an inspection and provided an opinion, e.g., an itemized rebuilding estimate or contract for repair, we need the information so State Farm may properly evaluate the case. Moreover, we need copies of all receipts and invoices associated with the rebuilding of the church properties.

Plaintiff submits that it has provided State Farm its expert designation on July 29, 2009, which expert designation included an engineering report, a meteorology report, and damage estimates previously provided to State Farm.  These reports were the result of "investigations" as Plaintiff understood the term and Plaintiff has provided these investigative reports to State Farm.  Further, these reports contain all of the contact information and qualifications for those preparing the reports, as well as, all information relied upon to formulate any opinions in the reports.  Plaintiff further submits that this request for compel initially involved a request for further information regarding Hughes Services, to which Plaintiff's counsel discussed with Defendant's counsel that the Hughes Invoice referred to by State Farm was a document produced by State Farm and Plaintiff had no knowledge of the relevance of the Hughes Invoice.

**INTERROGATORY NO. 23:** If you are claiming punitive damages in this case fully identify each fact, document and witness as well as all evidence of any kind that you claim supports such claim including in your answer all such information that supports any claim you make in this case for punitive damages in an amount that exceeds a 1:1 ratio when compared to any contractual/compensatory damages you claim to be entitled.

**RESPONSE:** Plaintiff objects to Interrogatory No. 22 as seeking information protected by the attorney-client privilege and/or the work product doctrine and/or prepared in anticipation of litigation. Plaintiff further objects to this request to the extent that it seeks that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore

premature at this time. Subject to and without waiver of said objections, Plaintiff refers Defendant to Complaint. Plaintiff further responds:

1. Declaration page and church policy
2. Claim File provided by Defendant
3. Underwriting Documents provided by Defendant
4. Photographs
5. Statement of Loss

Plaintiff further responds that there are benefits due under the policy at issue to cover damages from Hurricane Katrina. Plaintiff further refers Defendant to the other documentation provided in its Pre-Disclosures and Response to Defendant's Requests for Production, which speaks for itself. Plaintiff reserves the right to supplement this response as more information becomes available through discovery and through expert witness disclosure.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. Pursuant to FED. R.CIV. P. 33 (c) "an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." Furthermore, the requested information falls within the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires "a computation of each category of damages claimed: and identification of "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Your vague, evasive and incomplete reference to the Complaint, the Policy, the Claim File, the Underwriting Documents, the Photographs, and the Statement of Loss is insufficient. Plaintiff's Complaint is little more than a form filed by its attorney in other lawsuits and, upon information and belief, many of the allegations included in it are not actually at issue in this litigation. Please provide a full and complete response immediately.

Plaintiff submits that in addition to its Pre-Disclosures, its Responses to Interrogatories and Requests for Production and so far through the course of discovery, which has not yet ended, Plaintiff has identified facts, witnesses, documents and evidence in response to questions posed at the depositions of Plaintiff's representative and pastor on June 29, 2009 and August 26, 2009 by State Farm attorneys regarding Plaintiff's claims for punitive damages.   Plaintiff reserves the right to supplement this response as discovery is ongoing and Plaintiff has not yet deposed Defendant's agent, adjusters, engineers, claims representatives and claims managers.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 19:** Please produce all documents pertaining to IRC Section 501(c)(3) status under the Internal Revenue Code of New Light Baptist Church.

**RESPONSE:** Plaintiff objects to Request No. 19 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation, Plaintiff currently has none in its possession. Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony an opinion.

**DEMAND FOR SUPPLEMENTATION:** This response is incomplete. The Church is either a 501 (c)(3) organization, or it is not. It is unimaginable that the Church would not have documents pertaining to 501 (c)(3) status either in the Church's possession or readily attainable. Please provide these documents immediately.

Subject to and without waiver of stated objection of irrelevance to the issues in this matter, Plaintiff submits that it has searched the church records and safe and has not located any responsive documents.

**REQUEST FOR PRODUCTION NO. 20:** Please produce all church income tax returns filed with the state and federal government since January 1, 2005 to include all schedules and forms and copies of all documents or evidence delivered to your tax preparer for the years 2005 through the present.

**RESPONSE:** Plaintiff objects to Request No. 20 to the extent that it seeks information irrelevant to the issues in the Underlying Matter. Plaintiff further objects to the extent that the request seeks confidential, privileged and sensitive financial information that is subject to a Protective Order. Plaintiff further objects to the extent that Defendant does not specify relevant information from tax records regarding any claims or defenses, which information may be available from non-privileged sources. Upon the stated objections, Plaintiff moves the Court for a Protective Order from further response to Request No. 20.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The instant request is relevant to the claims or defenses of the parties and/or reasonably calculated to lead to the discovery of admissible evidence to the extent that Plaintiff has made a claim of financial distress or will attempt to offer any testimony to that effect at trial. Please immediately withdraw this objection to these requests and respond immediately. Since Plaintiff has not filed a Motion for a Protective Order with the Court with respect to Request for Production No. 20, "mov[ing] the Court for a Protective Order" does nothing. Please provide these documents immediately.

Subject to and without waiver of stated objections, namely irrelevance to the issues in this matter and due to the private, confidential, sensitive financial information protected from disclosure by the IRS, and that any information regarding casualty losses and financial distress, if deemed relevant at any time, may be obtained through other sources, Plaintiff should not be compelled to produce tax records as these are documents protected from disclosure by the IRS.  Plaintiff further responds that Plaintiff has searched the church records and safe and has not located any responsive documents.

**REQUEST FOR PRODUCTION NO. 21:** Please produce all state and federal tax schedules upon which you have asserted any claim for any deduction for any catastrophe loss for your tax year that includes August 29, 2005, and all documents and other tangible items justifying your claim that you have claimed for any loss whether by insurance grant, loan or assistance or payment of any kind and all documents or other tangible items related to or supporting such loss or reimbursement.

**RESPONSE:** Plaintiff objects to Request No. 20 to the extent that it seeks information irrelevant to the issues in the Underlying Matter. Plaintiff further objects to the extent that the request seeks confidential, privileged and sensitive financial information that is subject to a Protective Order. Plaintiff further objects to the extent that Defendant does not specify relevant information from tax records regarding any claims or defenses, which information may be available from non-privileged sources. Upon the stated objections, Plaintiff moves the Court for a Protective Order from further response to Request No. 20.

**DEMAND FOR SUPPLEMENTATION:** Your objection is not well taken. The instant request is relevant to the claims or defenses of the parties and/or reasonably calculated to lead to the discovery of admissible evidence to the extent that Plaintiff has made a claim financial distress or will attempt to offer any testimony to that effect at trial. Please immediately withdraw this objection to these requests and respond immediately. Since Plaintiff has not filed a Motion for a Protective Order with the Court with respect to Request for Production No. 21, "mov[ing] the Court for a Protective Order" does nothing. Please provide these documents immediately.

Subject to and without waiver of stated objections, namely irrelevance to the issues in this matter and due to the private, confidential, sensitive financial information protected from disclosure by the IRS, and that any information regarding casualty losses and financial distress, if deemed relevant at any time, may be obtained through other sources, Plaintiff should not be compelled to produce tax records as these are documents protected

from disclosure by the IRS.  Plaintiff further responds that Plaintiff has searched the

church records and safe and has not located any responsive documents.

**REQUEST FOR PRODUCTION NO. 23:** Please provide any and all documentation, notes, memorandums and or reports from any and all investigations conducted with regard to this matter.

**RESPONSE:** Plaintiff objects to Request No. 23 to the extent that it calls for information that it is overly broad, unduly burdensome and that it requests information that is protected by the attorney-client privilege and/or prepared in anticipation of litigation and protected by the work product doctrine. Plaintiff further objects to Request No. 23 to the extent that it seeks information irrelevant to the issues in the Underlying Matter and objects to the extent that the request is vague and ambiguous and not limited in time or scope. Plaintiff further objects to this request to the extent that it seeks the disclosure of expert and other information prior to the deadlines allowed by the Federal Rules of Civil Procedure or Scheduling Order, which is therefore premature at this time. Plaintiff further objects to the extent that this request exceeds the scope allowed by the Federal Rules of Civil Procedure. Subject to and without waiving said objections, and in accordance with Plaintiff's interpretation of the request, Plaintiff will provide any non-privileged, responsive documentation concerning their witness and exhibit lists and experts' opinions and expert designations in accordance with the Federal Rules of Civil Procedure or the Scheduling Order. Plaintiff further responds that relevant documents that are responsive to this Request can be found within the State Farm's Initial and Pre-Discovery Disclosures and its Claims Files regarding Plaintiff and other policyholders. Plaintiff further responds documents responsive to this Request may be found in Plaintiff's Pre-Discovery Disclosure and in Response to Request for Production of Documents, including the following:

1. Church policy (Bates No. 000001-000021)
2. Claim File provided by Defendant
3. Church Underwriting Documents provided by Defendant
4. Correspondence (Bates No. 000022-000038)
5. Photographs (Bates No. 000039-000052)
6. Statement of Loss (Bates No. 000053-000054)
7. Copies of Checks paid to New Light Baptist Church (Bates No. 000055)
8. Estimate of Damage-State Farm (Bates No. 000056-000120)
9. Estimate of Damage-South Eastern Florida Management Group (Bates No. 121-000151)

Plaintiff reserves the right to supplement this response as more information becomes available through discovery, clarification and/or expert testimony and opinion.

**DEMAND FOR SUPPLEMENTATION:** Your answer is incomplete. The Church has stated previously that receipts for the rebuilding of the church property are contained in a safe on the church property. Please provide these documents immediately.

Plaintiff submits that during the depositions of its representative and pastor that

when asked by State Farm where receipts or invoices may be found, that the response

was that there might be some in the safe at the church.  However, Plaintiff has searched the safe and there were no receipts or invoices there.  Plaintiff continues to seek receipts and invoices and will promptly supplement any that it obtains during the ongoing discovery process.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court deny Defendant's *Motion to Compel Discovery*, as the requested information has already been provided to Defendant or is in the process of being obtained and such an order compelling further response at this time would be premature and would not allow Plaintiff the benefit of the time allotted for the discovery process to obtain evidence to support its claims and rebut State Farm's defenses.

Plaintiff further requests that this Honorable Court assign the costs of the Plaintiff's Response in Opposition, as well as, reasonable attorney fees, due to Defendant's continued refusal to accept Plaintiff's timely discovery responses, proper responses and attendance at depositions, timely expert designations and the Plaintiff's right to conduct discovery and timely supplement the discovered evidence as the discovery period has not yet closed, and for any an all other such relief that this Court deems just.

Respectfully submitted, this the 29th day of September, 2009,

NEW LIGHT BAPTIST CHURCH, Plaintiff

BY:    */s/Deborah R. Trotter*
                DEBORAH R. TROTTER, MSB: #101360

Deborah R. Trotter
Merlin Law Group, P.A
368 Courthouse Road, Suite C
Gulfport, MS  39507
Telephone (228) 604-1175
Fax (228) 604-1176
Email: dtrotter@merlinlawgroup.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Deborah R. Trotter, do hereby certify that a copy of the preceding Response in Opposition has been served via electronic notification to all counsel of record, including the following:

Hal S. Spragins
Hickman, Goza & Spragins
P.O. Drawer 668
Oxford, MS  38655
sspragins@hickmanlaw.com


This the 29th day of September, 2009,

/s/*Deborah R. Trotter*
Deborah R. Trotter, MSB #10136