IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NEW LIGHT BAPTIST CHURCH                                                              PLAINTIFF

VS.                                                            CAUSE NO: 1:08CV560-HSO-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                        DEFENDANT

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER
REGARDING PLAINTIFF'S NOTICE OF 30(b)(6) VIDEO DEPOSITION
AND ISSUANCE OF DEPOSITION SUBPOENA DUCES TECUM**

COMES NOW, Defendant, State Farm Fire & Casualty Company (hereinafter "State Farm"), by and through the undersigned counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, respectfully files this Motion for Protective Order Regarding Plaintiff's Notice of 30(b)(6) Video Deposition and Issuance of Deposition Subpoena Duces Tecum, stating as follows:

I.

Plaintiff's Notice of 30(b)(6) Video Deposition seeks a State Farm corporate representative to answer questions ostensibly related to claim handling [56]. State Farm does not categorically object to the production of a corporate representative who can speak on claim handling topics, but would seek to limit the deposition and any related document production to those claim handling policies and procedures which directly relate to State Farm's adjustment of this claim. Federal Rule of Civil Procedure 26(c)(1)(D) provides, in pertinent part: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery in certain matters." State Farm believes such a protective order is appropriate in this instance given the kind and character of the topics exhibited in Plaintiff's notice.

II.

Plaintiff's notice unveils a concerted effort on the part of the Merlin Law Group to conduct sweeping discovery on subjects which are far removed from the claims at issue in this litigation. Instead of simply agreeing to conduct relevant discovery, Plaintiff has propounded a patently over broad and unduly burdensome notice *see* [56-2], refused to voluntarily limit the breadth, scope and nature of its inquiries to the instant Hurricane Katrina loss, and forced State Farm to expend its time and resources in bringing this matter before the Court (*see* Good Faith Letter attached hereto as Exhibit A). Over the last four years, this Court has heard innumerable insurance claims arising out of the destruction worked by Hurricane Katrina. State Farm has been a party to thousands of those lawsuits and the Merlin Law Group has represented (at least) hundreds of those plaintiffs. This litigation is mature and well-developed, and the parameters of discovery are well-established. The Merlin Law Group has certainly been given a full and fair opportunity to develop its theories prior to this late date and there is simply no legitimate reason why they would now demand the sort of discovery they are pursuing in this case except to harass and annoy State Farm.

III.

Plaintiff's Notice of 30(b)(6) Video Deposition contains sixty-five (65) separately itemized topics and sixty-eight (68) additional sub-parts. These topics and sub-parts are simply too voluminous for State Farm to individually address within the page limitations of this Court. Therefore, State Farm will attempt to approach these topics categorically and offer its objections generally. In so doing, State Farm would ask that the Court adopt prior discovery rulings in other Hurricane Katrina case where, like here, the plaintiffs attempted to conduct broad and wide-ranging discovery on topics which greatly exceeded the scope of their claims. Specifically, State Farm would ask that the Court adopt the following Orders from *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969: (1) Order Granting in Part Plaintiffs' Motion to Compel [200]; (2) Order [228] 2008

WL 723976; and (3) Order Granting in Part Motion for Protective Order [231]. In addition, State Farm would ask the Court to adopt the following Order from *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116: (1) Order [117].

IV.

It is State Farm's position that the *Marion* and *Perkins* Orders collectively stand for the proposition that inquiries into the drafting, history, intent and meaning of the terms, limitations, exclusions and conditions of the insurance contract, as well as those contained in State Farm's corporate policies and procedures, is irrelevant because "the ultimate question of contract interpretation resides with the Court" and "proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim." *Marion* [200] p. 8  Inquiries into contract terms and corporate policies and procedures are only relevant as they relate "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case." *Marion* [231] p. 2  Furthermore, discovery should be limited to those contract terms and/or corporate policies and procedures which were actually relied upon or utilized by State Farm during its adjustment of Plaintiff's claim. *Marion* [231] p. 5  Plaintiff should not be allowed to pursue unfettered discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Marion* [228]  Nor should State Farm be "obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." *Marion* [200] p. 8

V.

Plaintiff's topics are objectionable in that they call for production of "[t]he person(s) most knowledgeable." This demand is beyond the scope of permissible discovery. State Farm is only required to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6)  Plaintiff's topics are also objectionable in that they have the potential to seek information protected as attorney/client communication or pursuant to the work-product doctrine and to seek information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act.  To the extent necessary, the testimony of State Farm's corporate representative(s) and any related document production should be subject to the Protective Order [21] regarding confidential information previously entered by the Court in this matter.

VI.

Subject to the adoption of the *Marion* and *Perkins* Orders, and State Farm's other objections, topics 1-8 and 14-16 of Plaintiff's Notice are generally related to the adjustment of the instant claim and/or to the contents of State Farm's claim and underwriting files (all of which have already been produced in this matter).  As such, State Farm is willing to produce a witness to speak to these topics at a mutually agreeable location, date and time.  State Farm offers the following objections to the remaining topics of Plaintiff's Notice:

> Topic 9 seeks information related to the retention of engineers and the results of their evaluations.  This topic is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence in that no engineers were retained by State Farm to investigate Plaintiff's claim prior to the filing of this lawsuit.
>
> Topics 10 and 11 request the identity of persons who participated in preparing State Farm's discovery responses and the basis for its answers or objections.  Although these topics

fail to identify the information sought with reasonable particularity, they clearly seek to elicit legal conclusions and invade the attorney/client and work-product privileges as responding to discovery is a collaborative effort between attorneys and their clients.

Topic 12 is vague and ambiguous as to the meaning of "generally accepted standards for the investigation, evaluation, determination and remediation of water damage and wind damage," is argumentative and is not reasonably calculated to lead to the discovery of admissible evidence.

Topic 13 is similarly invasive of the attorney/client and work-product privileges as it calls for information regarding post-suit activities and is not reasonably calculated to lead to the discovery of admissible evidence.

Topics 17 and 18 request information on "all" first party claim manuals and related communications utilized by "any" person acting on behalf of State Farm to handle first party claims in Mississippi from 2005-2009 and all claim files on "every" hurricane, wind or water related insurance claim handled by State Farm in Mississippi during that time period. These topics are unrelated to the claims at issue in this case, not reasonably calculated to lead to the discovery of admissible evidence, over broad, unduly burdensome and beyond the scope of discovery.

Topics 19 and 32 request "all" information and documentation on the State Farm personnel who were "in any way" involved with Plaintiff's claims. These topics are over broad and unduly burdensome, and seek irrelevant information which is invasive of the privacy rights of the subject individuals (whom, notably, have not been identified with any reasonable degree of particularity) and are not reasonably calculated to lead to the discovery of admissible evidence.

Topic 20 is indecipherable, vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, this topic appears to seek irrelevant information related to State Farm's personnel manuals and incentive programs such as retirement plans offered to employees throughout Mississippi from 2005-2009. This topic is unrelated to the claims at issue in this case, not reasonably calculated to lead to the discovery of admissible evidence, over broad, unduly burdensome and beyond the scope of discovery.

Topic 21 is vague and ambiguous as to the meaning of "Defendant's loss reserve history with regard to Plaintiff's claims" and in other material ways. Furthermore, it does not appear that this topic is reasonably calculated to lead to the discovery of admissible evidence.

Topics 22-31 and 33 are indecipherable, vague, ambiguous or confusing as written and fail to identify the information sought with reasonable particularity. That said, these topics appear to seek irrelevant information related to State Farm's publications, forms, manuals, handbooks, guides, "philosophies," organization, "claim committees," performance evaluations, quality control audits, as well as its tracking of public complaints and claim denials, ALL throughout Mississippi from 2005-2009. These topics are unrelated to the claims at issue in this case, not reasonably calculated to lead to the discovery of admissible evidence, over broad, unduly burdensome and beyond the scope of discovery.

Topics 34-35, 38 and 47-49 seek irrelevant information and documentation related to "other litigation" and "bad faith litigation suits" filed "in the same or other jurisdictions" in "both trial and appellate courts" and "all judgments or awards" entered in such litigation including "any awards of punitive damages" "and/or extra-contractual damages" from 2005-2009. These topics are unrelated to the claims at issue in this case, not reasonably calculated

to lead to the discovery of admissible evidence, over broad, unduly burdensome and beyond the scope of discovery.

Topic 36 requests information related to the compensation and bonuses State Farm paid to its "officers and employees" from 2005-2009. This topic is unrelated to the claims at issue in this case, not reasonably calculated to lead to the discovery of admissible evidence, over broad, unduly burdensome, and seeks irrelevant information which is invasive of the privacy rights of the subject individuals (whom, notably, have not been identified with any reasonable degree of particularity).

Topics 37 and 45 request irrelevant information regarding State Farm's "reinsurance coverage for extra-contractual liability from 2005-2009" and "any reinsurance and/or co-agreements" between State Farm and "any other entity or individual." This topic is unrelated to the claims at issue in this case, over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Topics 39-40 request irrelevant information related to "special examination reports," "Triennial Examination Reports" and "Market Conduct Reports" in Mississippi and Illinois from 2004-2009. These topics are overly broad, unduly burdensome, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topic 41 is vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, it appears to seek information regarding minimum state claim processing standards and model laws which would call for a legal conclusion, would be unrelated to the claims at issue in this case and would not be reasonably calculated to lead to the discovery of admissible evidence.

Topic 42 is indecipherable, vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, it appears to seek information regarding underwriting procedures and systems which would be irrelevant, over broad, unduly burdensome, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topics 43 and 44 seek information and documentation related to State Farm's internal standards or guidelines "for the proper investigation into individual first party property claims" in Mississippi from 2005-2009 and the persons who developed the same. These topics are vague, ambiguous, over broad and unduly burdensome, and seek information which is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topic 46 is indecipherable, vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, it appears to seek information and documentation related to State Farm's document retention program. This topic is over broad and unduly burdensome and seeks information which is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topic 50 is indecipherable, vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, it appears to seek information and documentation related to "investors," "stockholder(s)," "annual reports," State Farm's "business philosophy," and its "management's goals." This topic is over broad and unduly burdensome and seeks information which is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topics 51-53 are indecipherable, vague, ambiguous or confusing as written and fail to identify the information sought with reasonable particularity. That said, they appear to seek information and documentation related to State Farm's "first party property business," its "financial plan" for this business, its "goals or expectations," its "financial forecast[s]" and its "anticipated financial trends," as well as "the profitability or non profitability" of this business and the "market share" of this business which State Farm has had "in the insurance industry" in Mississippi from 2005-2009. These topics are over broad and unduly burdensome and seek information which is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topics 54-55 are vague, ambiguous or confusing as written and fail to identify the information sought with reasonable particularity. That said, they appear to seek information and documentation related to State Farm's "current relationships" with vendors and expert witnesses whom it employed during the adjustment of Hurricane Katrina losses and/or during the resulting litigation. These topics are argumentative, over broad and unduly burdensome and seek information which is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topics 56-61 are vague, ambiguous or confusing as written and fail to identify the information sought with reasonable particularity. That said, they appear to seek information and documentation related to State Farm's "Strategic Planning Goals, or other such program," its "individual first party property financial targets" and its "Strategic Planning Department" from 2005-2009. These topics are over broad and unduly burdensome and the information sought is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topic 62 seeks information "regarding the licensing requirements of the State of Mississippi" whether State Farm's representatives were "properly licensed." This topic is argumentative, calls for a legal conclusion, is over broad and unduly burdensome and seeks information which is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topic 63 is vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, it appears to seek information and documentation related to the "organization/chain of command" of "personnel charged with the handling of governmental affairs" for the years 2005-2009. This topic is over broad and unduly burdensome and the information sought is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topic 64 seeks information and documentation related to "audits or investigations of Defendant performed by state insurance departments or state or federal attorney generals' offices" in Mississippi from 2005-2009. This topic is argumentative, calls for a legal conclusion, is over broad and unduly burdensome and seeks information which is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Topic 65 is vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, it appears to seek information and documentation related to "the law," to "compliance" and to "changes," made by State Farm to its "first party property policy programs" from 2005-2009. This topic calls for a legal conclusion, is over broad and unduly burdensome and seeks information which is irrelevant,

unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, PREMISES CONSIDERED, State Farm would respectfully request that this Honorable Court enter a Protective Order forbidding inquiry into certain matters and/or limiting the scope of discovery as detailed herein above. Given the concise nature of the requests made herein and the limited authorities cited, State Farm would ask to be relieved from the obligation of filing a separate Brief in Support of its Motion. State Farm would further request any additional relief the Court may find warranted in the premises.

        Respectfully submitted,

        STATE FARM FIRE AND CASUALTY COMPANY

        HICKMAN, GOZA & SPRAGINS, PLLC
        Attorneys at Law
        Post Office Drawer 668
        Oxford, MS 38655-0668
        (662) 234-4000

        BY:  */s/ H. Scot Spragins*
            H. SCOT SPRAGINS, MSB # 7748

CERTIFICATE OF SERVICE

    I, H. SCOT SPRAGINS, one of the attorneys for the Defendant, STATE FARM FIRE & CASUALTY COMPANY, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

    DATED, this the 9th Day of November, 2009.

                                                       */s/ H. Scot Spragins*
                                                       H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000