IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NEW LIGHT BAPTIST CHURCH**                                                      **PLAINTIFF**

**VERSUS**                                                      **CIVIL ACTION NO. 1:08cv560-HSO-RHW**

**STATE FARM FIRE AND CASUALTY**
**COMPANY**                                                                              **DEFENDANT**

## ORDER

Before the Court are [61] and [63] Defendant's November 9, 2009 Motions for protective order regarding Plaintiff's notice of 30(b)(6) video deposition and notice of 30(b)(6) IT video deposition and issuance of deposition subpoenas duces tecum. The notices of deposition, Docs. [56] and [57], were filed October 30, 2009, with depositions scheduled for December 14, 2009 and December 15, 2009. Defendant's pleadings indicate that Plaintiff set the depositions unilaterally, without consulting Defendant. The notice of 30(b)(6) deposition contains some 65 separate topics, with numerous subparts, and the notice of 30(b)(6) IT deposition has a seven-page attachment listing 16 "technical definitions" applicable to ten numbered areas of inquiry, with subparts.

Defendant's motions seek to limit the areas of inquiry in the depositions to policies and procedures directly related to its adjustment of Plaintiff's claim, and present objections to particular topics it contends exceed the bounds of discovery regarding Plaintiff's claim. Plaintiff has filed [64] a single 25-page response to both motions, which is essentially unresponsive to Defendant's objections to the particular areas of inquiry at issue in the motions in this case.[1]

---

[1] As Defendant contends, it does appear that the response was prepared for, and filed a week earlier, in the case of *Lebon v. State Farm*, 1:08cv509-LTS-RHW, Doc. [80].

While Plaintiff has failed to provide the Court sufficient reason to deny the motions for protective order, the Court has determined the best course of action in this matter would be to moot the present motions, but require Plaintiff to review the Court's [200, 228, 231] Orders in *Marion v. State Farm*, 1:06cv969-LTS-RHW, and the Court's [117] Order in *Perkins v. State Farm*, civil action no. 1:07cv116-LTS-RHW regarding the appropriate scope of discovery, and to revise its notices of deposition in this case to areas of inquiry which relate to the specific claims in Plaintiff's complaint and conform with the Court's prior rulings in *Marion* and *Perkins*. The Court also directs Plaintiff, after reviewing the orders, to confer with defense counsel in an effort to agree on the scope of the depositions. Defendant is not foreclosed from challenging Plaintiff's revised notices should it deem such action necessary. Should counsel be unable to comply with these directives prior to the scheduled December depositions, the Court will entertain a motion to quash those depositions, and will strictly require that, prior to setting any future 30(b)(6) depositions, Plaintiff must consult with defense counsel in order to arrive at a mutually agreeable time, date, and location. Since State Farm was a party in both the *Marion* and *Perkins* lawsuits, the Court will require Counsel for Defendant to provide Plaintiffs' counsel with copies of the orders noted above.

SO ORDERED, this the 19th day of November, 2009.

/s/ *Robert H. Walker*

ROBERT H. WALKER

UNITED STATES MAGISTRATE JUDGE