IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NEW LIGHT BAPTIST CHURCH                                    PLAINTIFF

VS.                                    CAUSE NO. 1:08-CV-560-HS0-RHW

STATE FARM FIRE AND CASUALTY COMPANY                        DEFENDANT

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL
INFORMATION REGARDING DEFENDANT'S INSURANCE AGREEMENTS
FOR LIABILITY, REIMBURSEMENT OR INDEMNIFICATION**

COMES NOW, New Light Baptist Church ("Plaintiff"), by and through undersigned counsel, and files this Memorandum in Support of its Motion to Compel, Defendant, State Farm Fire and Casualty Company ("State Farm"), to respond to the Plaintiff's Interrogatory No. 24 and to provide the copies of all insurance agreements pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(iv).  In support of Plaintiff's Motion to Compel, the Plaintiff provides the following memorandum to the Court.

**I.     BACKGROUND**

The instant case involves a breach of insurance contract and insurance coverage disputes arising from the Plaintiff's damage from Hurricane Katrina on August 29, 2005. The Plaintiff filed the instant suit after State Farm denied coverage for Plaintiff's hurricane damages.  State Farm has denied coverage of the Plaintiff's damages based on its interpretation of certain policy provisions and based on its alleged valuation of damages.  In terms of policy language, the Plaintiff and State Farm differ significantly on interpretation of particular policy provisions, particularly on valuation of the damages and whether the relevant policy provisions extend coverage.

Furthermore, the Plaintiff contends that State Farm has significantly misinterpreted the insurance contract between it and the Plaintiff and that State Farm has grossly undervalued the Plaintiff's damages sustained as a result of Hurricane Katrina. Also, the Plaintiff, in support of its claim for damages against State Farm, argues that State Farm did not thoroughly investigate the Plaintiff's claim, nor has State Farm been forthcoming about its true understanding of its risk and liabilities with respect to the insurance policy it issued to the Plaintiff.

On or about February 6, 2009, the Plaintiff served its first set of Interrogatories and Requests for Production of Documents to Defendant State Farm. Interrogatory No. 24 in this first set specifically requested that State Farm provide information relating to its insurance agreements that would reimburse and/or indemnify it for coverage and/or liability payments with regard to Plaintiff's claims. This request specifically requested information relating to any insurance agreements, including reinsurance and/or retrocessional insurance agreements, Defendant State Farm may have retained concerning the Plaintiff's insurance policy and the Plaintiff's claims under its State Farm policy for its hurricane damages. The Plaintiff requested such information due to the relevancy and importance of this information to the Plaintiff's claim for damages and its arguments supporting such claims.

Further, the parties engaged in their Case Management Conference with the court on or about February 9, 2009. Federal Rules of Civil Procedure 26(a)(1)(A)(iv) requires that a party must, without awaiting a discovery request, provide to the other parties: "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action

or to indemnify or reimburse for payments made to satisfy the judgment." Defendant State Farm has not complied with the requirements of this rule. Information regarding Defendant's insurance agreements that *may* satisfy all or part of a possible judgment, or to indemnify or reimburse Defendant for payments made to satisfy the judgment has not been provided by Defendant State Farm as required by Federal Rules of Civil Procedure 26(a)(1)(A)(iv), or described as requested by Plaintiffs' Interrogatory No. 24.

Moreover, Federal Rules of Civil Procedure 26(a)(b)(1) provides the general scope of discovery allowing that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Again, Defendant has not provided relevant, responsive information, documents, and data, including the existence, description, nature, custody, condition and location of any documents or other tangible things as requested by Plaintiff, including without limitation, any insurance agreements Defendant State Farm has obtained from Arrow Re, including retrocessional agreements of Alpha Winds, or any excess-of-loss treaty with regard to Plaintiff's claims, both contractual and extra-contractual, against Defendant State Farm.

On or about November 5, 2009, Plaintiff sent its Good Faith correspondence to Defendant in a further attempt to have Defendant cure its deficient discovery responses. (Exh. 1 to Plaintiff's Motion to Compel, Good Faith Correspondence without enclosures.) Defendant has refused to respond to Plaintiff's Good Faith attempts to obtain this information and data. The Plaintiff is entitled to full disclosure pursuant to Fed. R. Civ. Proc. 26(a)(1)(A)(iv) and to a proper responses to its Interrogatory No. 24.

## II. LEGAL STANDARD

### a. Scope of Discovery

#### i. Required Disclosures

Federal Rules of Civil Procedure 26(a)(1)(A)(iv) requires that a party must, without awaiting a discovery request, provide to the other parties: "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Defendant State Farm has not complied with the requirements of this rule. Upon information and belief, and as Defendant State Farm has alluded to in its Response to Plaintiff's Interrogatory No. 24, Defendant State Farm has insurance agreements, including without limitation, insurance agreements with Arrow Re and Alpha Wind, or any excess-of-loss treat, that qualify as insurance agreements that Fed. R. Civ. Proc. 26(a)(1)(A)(iv) requires a party to disclose to the other party without awaiting a discovery request. Plaintiff is entitled to this required information and this information is necessary for Plaintiff to prepare its case. Defendant State Farm should be compelled to comply with Fed. R. Civ. Proc. 26(a)(1)(A)(iv), immediately.

#### ii. Relevancy

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, that is "relevant to the claim or defense of any party." For good cause shown, a court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). In addition, relevant

4

information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Under this rule, the scope of discovery is broad and liberally permissive. *Liberty Mutual Ins. Co., et al. v. Tedford*, 2008 WL 2080930 at 5 (N.D. Miss. 2008). The purpose of discovery is to give all parties a fair opportunity to gather and discover all of the facts that are important to the issues being litigated, wherever such pieces of information may be found. *State through Dept. of Highways v. Spruell*, 142 So.2d 396, 397 (La. 1962). *See also Kreger v. General Steel Corp.*, 2008 WL 782767 (E.D. La. 2008). Discovery also functions as a tool by which litigants prepare their respective cases for trial and clarify the issues that will be litigated. *Id. See also Comcast of Los Angeles, Inc. v. Top End Intern., Inc.*, 2003 WL 22251149 (C.D. Cal. 2003). The broad use of discovery may also lead to pre-trial settlement of the dispute. *Id.*

The concept of relevance is to be broadly construed, and is viewed according to the facts and circumstances of each individual case. *See Parente v. Aetna Life Ins. Co.*, 2001 U.S. Dist. LEXIS 1919 (E.D. Pa. 2001). "Liberal discovery is permitted in federal court to encourage full disclosure before trial." *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364 (N.D. Il. 2001). *See also Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp.*, 51 F.R.D. 98 (S.D.N.Y. 2001).

A Request for Production may inquire about any manner, not privileged, relevant to the subject matter of the action. Fed. R. Civ. P. 26(b)(1); *Cook v. Greyhound Lines, Inc.*, 847 F. Supp. 725, 736-737 (D. Minn. 1994) (discovery is not limited solely to admissible evidence, but extends to any information relevant to the information. This includes matters relating to the claim or defense of the party seeking discovery or to the

5

claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter.) *Id.* citing Fed. R. Civ .P. 26(b)(1).

Plaintiff has requested information regarding any insurance agreements that Defendant State Farm has obtained to satisfy all or part of any liability judgment, or to indemnify or reimburse Defendant State Farm with regard to the claims, contractual and extra-contractual, asserted by Plaintiff against Defendant State Farm. These insurance agreements are with third party insurers. Information and communication regarding with third parties regarding Plaintiff's claims against Defendant State Farm are not privileged and are discoverable.

### iii. Reasonably Calculated to Lead to Discovery of Admissible Evidence

Under Federal Rules of Civil Procedure Rule 26(b)(1) "it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Self v. American Home Assurance Co.,* 51 F.R D. 222, 223 (N.D. Miss. 1970). Relevant matters are not limited to the exact issues framed by the pleadings or to the merits of either party's case. *Stabilus v. Haynsworth*, *Baldwin, Johnson & Greaves*, 144 F. R .D. 258, 263 (E.D. PA 1992)(If answer might serve some legitimate purpose, such as leading to evidence or narrowing issues, interrogatories should be answered.) Federal Rules of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence."

6

The identification of all policies of insurance which Defendant State Farm has that will cover or might cover Defendant State Farm for liability with regard to Bad Faith, Unfair Claims Practices, agent negligence and/or agent misrepresentation described in the subject Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effect dates of the policy, the available limits of liability, and the name and address of the custodian of the policy is relevant and discoverable information. Moreover, this information is a required disclosure pursuant to Fed. R. Civ. Proc. 26(a)(1)(A)(iv).

### iv. Burden is on the Objecting Party

The Federal Rules also give considerable discretion to Courts to manage discovery. *Kreger*, 2008 WL 2080930 at 2. In light of the broad scope of discovery permitted by the rules and the purpose of discovery, Courts often avoid placing significant restrictions on the discovery process. *Rubin v. Islamic Republic of Iran*, 349 F. Supp.2d 1108, 1111 (N.D. Ill. 2004). *See also Machinery Movers, Riggers, and Machinery Erectors, et al. v. Fidelity an Deposit Co. of Maryland, et. al.,* 2007 WL 3120029 (N.D. Ill. 2007). Further, Federal Rule 26(b)(5) requires a party asserting a privilege to produce a privilege log describing the documents withheld. *See DL v. District of Columbia* __F. Supp. 2d __ (D.D.C. 2008)(the obligation to describe the nature of the privilege is met through a privilege log); *Weiss v. National Westminister Bank,* PLC, 242 F.R.D. 33 (E.D. N.Y. 2007)(failure to include sufficient information on a privilege log can result in waiver).

The Court should not allow Defendant to shift its burden to the Plaintiff to overcome Defendant's conclusory objections. Plaintiff has shown that the requested

7

information is relevant and/or likely to lead to the discovery of admissible evidence. Any objection, such as lack of relevance, puts the burden on the objecting party to prove its position. *See Scott v. Leavenworth Unified School District No. 453,* 190 F.R.D. 583 (D. Kan. 1999)(explaining that, when discovery appears relevant, the party resisting discovery has the burden to show the lack of relevance or that its marginal relevance is outweighed by the potential harm which could arise from the discovery). *See also Kimbro v. I.C. Sys.,* 2002 U.S. Dist. LEXIS 14599, at *2 (D. Conn. Jul. 22, 2002) (citation omitted) (Discovery is normally allowed into any matter that bears upon the issues or reasonably could lead to relevant information.).

In Defendant's Objections to Plaintiff's discovery requests Defendant asserts blanket objections such as irrelevancy, and/or the requests are "overly broad in subject matter, scope." Defendant State Farm further objects with an attempt to arbitrarily limit the scope of discovery, stating "and because it has no bearing on Plaintiff's individual property damage claim made the basis of this suit." Moreover, Defendant State Farm asserts the arbitrary, conclusory and unfounded objection that "Any reinsurance agreement that might exist would be between State Farm and a reinsurer for the benefit of the parties of the agreement. Plaintiff would not be a party to the agreement and would not be entitled to any payment under the agreement. Plaintiff is not third-party beneficiary of the agreement and such agreement would not be responsible for paying Plaintiff's claim." None of these objections are grounds for non-disclosure or for the withholding of relevant, non-privileged information.

Defendant has continuously refused to produce documents and information related to the insurance agreements that would satisfy Defendant State Farm's liability

8

and/or indemnify or reimburse it for judgments against it. Plaintiff is entitled to all information and data regarding Defendant State Farm's insurance agreements, including re-insurance agreements with Arrow Re and Alpha Wind or any excess-of-loss treaty.

### III.  ARGUMENT

#### a. Insurance Agreements and Communications are Discoverable.

The Federal Rules require Defendant State Farm to disclose and provide to the Plaintiffs its insurance agreements. *Country Life Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 2005 WL 3690565 at 10 (N.D. Ill. 2005). Federal Rule of Civil Procedure 26 states that ". . . a party must, without awaiting a discovery request, provide to the other parties. . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. FED. R. CIV. P. 26(a)(1)(D). Reinsurers are the insurer's insurer, and a reinsurance policy will often provide some type of indemnification to the primary insurer, such as Defendant State Farm. *National Union Fire Ins. Co. v. Continental Illinois Corp.*, 1987 WL 11353 at 4-5 (N.D. Ill. 1987). Thus, under the Federal Rules, Defendant State Farm must provide to the plaintiffs copies of its reinsurance agreements, including without limitation, insurance agreements provided by Arrow Re and any retrocessional agreements provided by Alpha Wind, any excess-of-loss treaty and/or other insurance agreements that relate to plaintiffs' claims against Defendant State Farm. *See FDIC v. Marsiglia*, 1992 WL 300830 (E.D. La. 1992). Furthermore, these documents are relevant to the litigation for the same reasons expressed below concerning other reinsurance documents.

The plaintiff is also entitled to discover other documents pertaining to Defendant State Farm's reinsurance of the claim at issue. Reinsurance documents are pertinent to issues being litigated in the underlying lawsuit and the documents are relevant to the plaintiff's claims and Defendant State Farm's defenses. The other reinsurance documents are important in determining the extent of and meaning of contentious provisions in the State Farm policy issued to the plaintiff. *Owens-Corning Fiberglas Corp. v. Allstate Ins. Co.,* 660 NE.2d 765, 768 (Oh. Com.Pl. 1993). *See also American Colloid Co. v. Old Republic Ins. Co.*, 1993 WL 222678 (N.D. Ill. 1993).

The other reinsurance documents are also significant and relevant to the plaintiff's claim of bad faith claims settlement practice against Defendant State Farm. The key importance of this information is Defendant State Farm's knowledge pertaining to the insured loss at pertinent times during the pendency of the plaintiff's claim for damages under the policy issued to it by Defendant State Farm. *Ohio Mgmt., LLC v. James River Ins. Co.*, 2006 WL 1985962 at 2 (E.D. La. 2006). The issue of what was known or reasonably should have been known by Defendant State Farm regarding the plaintiff's claim for damages is directly relevant to the issue of bad faith. *See Id.* Reinsurance documents will likely reveal what Defendant State Farm knew or reasonably should have known.

Defendant State Farm's internal communications and those with its reinsurer regarding reinsurance of any risk taken by Defendant State Farm with respect to the plaintiffs are relevant to the basic issues of the underlying litigation and are discoverable. These communications are reasonably calculated to lead to the discovery of admissible evidence concerning different issues in the dispute. *American Colloid*, 1993 WL 222678

at 1. Similar to the other reinsurance documents, these communications are particularly relevant to the issue of bad faith claims settlement practices, especially in determining what Defendant State Farm knew or should have known regarding the plaintiff's claim. *Fireman's Fund Ins. Co., et al. v. Community Coffee Co., L.L.C.*, 2007 WL 647293 at 1 (E.D. La. 2007).

The communications at issue are also relevant to the issue of policy provisions. *American Colloid*, 1993 WL 222678 at 1. These communications will aid the plaintiffs in preparing for their case against Defendant State Farm regarding the interpretation of the application of provisions at issue. The communications will provide an indication of Defendant State Farm's intent regarding those provisions and its development of the potential risk and liabilities it assumed by issuing an insurance policy to the plaintiff. It is highly probably that these communications may contain an admission of liability made by Defendant State Farm concerning the plaintiff's claims or the extent of its liability to the plaintiff.

## IV.     CONCLUSION

Federal Rules of Civil Procedure 26(a)(1)(A)(iv) requires that a party must, without awaiting a discovery request, provide to the other parties: "for inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Defendant State Farm has not complied with the requirements of this rule. Information regarding Defendant's insurance agreements that *may* satisfy all or part of a possible judgment, or to indemnify or reimburse Defendant for payments made to satisfy the judgment has not been provided by Defendant State Farm

11

as required by Federal Rules of Civil Procedure 26(a)(1)(A)(iv), or described as requested by Plaintiff's Interrogatory No. 24.

   WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court compel Defendant to provide a copy, of all insurance agreements under which an insurance business *may* be liable to satisfy all or part of a possible judgment, or that would indemnify or reimburse Defendant State Farm for payments made to satisfy a judgment, including without limitation, any insurance agreements that Defendant State Farm has with Arrow Re, including any retrocessional agreements with Alpha Wind or any excess-of-loss treaty.  Further, Plaintiff requests that Defendant State Farm be compelled to properly respond to Plaintiff's Interrogatory No. 24, immediately. Plaintiff further requests that this Honorable Court grant it attorney fees and costs associated with the preparation of this Motion and any an all other such relief in favor of Plaintiff this Court deems just.

   Respectfully submitted, this the 16th day of December, 2009.

   NEW LIGHT BAPTIST CHURCH, Plaintiff

               BY:   */s/Deborah R. Trotter*
                     DEBORAH R. TROTTER, MSB: #101360
                     Merlin Law Group, P.A
                     368 Courthouse Road, Suite C
                     Gulfport, MS  39507
                     Telephone (228) 604-1175
                     Fax (228) 604-1176
                     Email: dtrotter@merlinlawgroup.com
                     Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      I, Deborah R. Trotter, do hereby certify that a copy of the preceding Memorandum in Support has been served via email, to the following:

Hal S. Spragins
Hickman, Goza & Spragins
P.O. Drawer 668
Oxford, MS  38655
sspragins@hickmanlaw.com


This the 16th day of December, 2009.

                                */s/Deborah R. Trotter*
                                Deborah R. Trotter, MSB #10136
                                Merlin Law Group, P.A
                                368 Courthouse Road, Suite C
                                Gulfport, MS  39507
                                Telephone (228) 604-1175
                                Fax (228) 604-1176
                                Email: dtrotter@merlinlawgroup.com
                                Attorneys for Plaintiff