UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NEW LIGHT BAPTIST CHURCH                                                          PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:08cv560-HSO-RHW

STATE FARM FIRE & CASUALTY COMPANY                                    DEFENDANT

## ORDER

Before the Court is [76] Plaintiff's motion to quash a subpoena duces tecum issued by Defendant to Hancock Bank on December 7, 2009, commanding production of Plaintiff's "general fund" and "building fund" bank account records. Plaintiff's three-sentence motion states, without explanation or elaboration, that the subpoena requires production of "Plaintiff's sensitive, private and protected personal financial information," disclosure of which "is oppressive and burdensome, overly broad, calls for the production of irrelevant documents and is a violation of Plaintiff's privacy rights." The motion is accompanied by no good faith certificate,[1] and Plaintiff filed no memorandum and cited no authority in support of its motion. The Court stayed production under the subpoena pending resolution of the motion to quash.

In response [85] to Plaintiff's motion to quash, Defendant cites cases indicating that discovery of banking information related to damaged property is permitted in Katrina litigation, and points out that its subpoena duces tecum directed production of the bank records to *Plaintiff's counsel*, for redaction and/or creation of a privilege log. Defendant asserts it has made multiple requests that Plaintiff provide canceled checks, receipts, etc., regarding its claimed Katrina-related damages and/or repair costs, and that in a November 20, 2009 deposition

---

[1] In its reply memorandum, Plaintiff asserts that "the numerous cases wherein these very same issues have been addressed qualify as good faith attempts to resolve these issues." The Court disagrees.

Plaintiff's Financial Secretary testified that Plaintiff held two bank accounts at Hancock Bank: a general fund account and a building fund account, and that the latter received the State Farm settlement funds and was used to pay for post-Katrina repairs/restoration.  Since the issuance of the subpoena Plaintiff has produced copies of some checks drawn on the general fund account, but it has produced no documentation from the building fund account.

In light of the deposition testimony regarding the bank accounts, the Court must agree with Defendant that the information sought by the subpoena duces tecum is calculated to lead to discovery of documents relevant to this lawsuit.  It is therefore,

**ORDERED**, that Plaintiff's motion to quash the subpoena duces tecum is denied, the prior stay of production is hereby lifted, and the documents shall be produced to Plaintiff's counsel on or before January 25, 2010. Since compliance with the subpoena was halted at Plaintiff's request, it shall be Plaintiff's responsibility to immediately provide Hancock Bank a copy of this order so that production may be timely made.  It is further,

**ORDERED**, that no later than February 1, 2010, Plaintiff's counsel shall produce to counsel for Defendant all documents to which no claim of privilege is asserted, and a privilege log as to any documents withheld under claim of privilege.  It is further,

**ORDERED**, that Defendant shall protect the confidentiality of any documents produced to Defendant pursuant to this order.

SO ORDERED, this the 13th day of January, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE